CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
The legislature converted the county of Washington into a •quasi private corporation for the purpose of enabling it to become a stockholder in the Cumberland & Ohio Railroad Company. The county judge, sitting as the county court, was for certain purposes made the representative of this corporation. (Sec. 15, chap. 1578, vol. 1, Sess. Acts, 1869, p. 470.)
If he acted in good faith (and that fact is not questioned) he had the power to bind his constituent by employing appellees to resist the application by the railroad company for the •mandamus to compel him to subscribe for its stock and to issue the bonds of the county to pay the subscription. It was therefore the duty of the county levy court to make provision for the payment to appellees of a reasonable compensation for the services they rendered under their employment.
The levy court having refused to make this provision, .appellees appealed from the order of refusal, to the circuit •court, and the first question to be determined is, whether the .appeal was an allowable proceeding.
By an act approved March 7, 1867, it was provided “That the right of appeal to the circuit courts, and thence to the Court of Appeals, under existing laws, from any allowance or appropriation to any individual, county, or corporation, or a refusal to make any allowance or appropriation by the county courts •of this state, shall exist where the amount of the allowance or appropriation made or clajmed shall be fifty dollars or more.”
This act was continued in force and made more comprehensive by the 11th section of article 3, chapter 27, General ■Statutes, which provides that “Any person presenting a claim for allowance before a county court of levy and claims for twenty dollars or upwards, shall have the right to appeal to *242 tbe circuit court from the judgment or order of said court rejecting said claim, or any part thereof, as appeals are now taken from judgments of the quarterly court.”
These appellees certainly come within the letter of this section; but it is insisted this court decided, in the case of the Garrard County Court v. McKee (11 Bush, 234), that the act of 1867 did not apply to a case in which the allowance sought was for a claim arising out of a contract touching the interests of a county as a stockholder in a private corporation.
In that case McKee had rendered professional services for the county of Garrard in resisting the enforcement of an alleged subscription for stock in the Kentucky River Navigation Company. He applied to the levy court for an allowance, which was refused. He then sued the county court in an action at law, and the judgment or order of the levy court was pleaded in bar of his action, and the only question for decision was whether he was bound to proceed by appeal.
This court said arguendo that the act of 1867 did not apply to claims or*demands against a county growing out of transactions founded upon a grant of power to the county in the character of a private corporation, and then decided the question in point by saying that McKee “ was not bound to appeal from the order refusing him the allowance asked.” The clear inference from the decision actually made is, that he had his election either to appeal or to resort to his action at law, and hence the order of the levy court did not amount to a bar.
The General Statutes provide that “any person presenting a claim before a county court of levy and claims for $20,” etc., shall have the right to appeal from an order rejecting it ; and we feel that it would be carrying the doctrine of stare decisis to a most unreasonable length to refuse to carry out the evident will of the legislature, because of an expression of opinion which was at most but a dictum.
This conclusion will not operate to give claimants of the *243 character under consideration an advantage over other county creditors. The remedy by appeal being merely cumulative, all county creditors may elect either to appeal or resort to their action. The court below did not err in refusing to dismiss the appeal.
It is objected that the order for the change of venue to the Nelson Circuit Court was prematurely made. The members of the county court were summoned to appear and answer the appeal at the March Term, 1876, of the Washington Circuit Court. The order for the change of venue was made at a special term held in January, 1876. The summons was served on the county judge and some of the justices in November, 1875. More than ten days’ notice of the motion for the change was given to the county judge. The court had the power to make the order, notwithstanding the fact that the appeal did not then stand for trial. (Sec. 1, art. 6, chap. 28, General Statutes, and Dale v. Hays, 14 B. Mon. 254.)
It is immaterial that the notice was not served on all the justices. It was only necessary to serve it on the county judge. (See. 11, art. 3, chap. 27, General Statutes.)
The motion for an instruction to find as in case of a nonsuit was properly overruled.
The single instruction given at the instance of the appellees was unexceptionable.
We can not say the verdict is against either the law or the evidence.
No other question is raised by the grounds filed for a new trial.
The judgment of the court below is possibly more comprehensive than was necessary, but it contains nothing prejudicial to the substantive rights of the appellants.
Judgment affirmed.