Ohio County Court v. Newton.

<div style="float:right">2r 267<br>5r 637</div>

---

CASE 52—ORDINARY—FEBRUARY 23, 1881.

# Ohio County Court v. Newton.

APPEAL FROM OHIO CIRCUIT COURT.

1. An appeal lies to the circuit court from the judgment of a court of claims, making to a county judge an allowance for his salary.
2. A mandamus does not lie.

WALKER & HUBBARD FOR APPELLANT.

1. A petition for a writ of mandamus is the only remedy. An appeal does not lie to the circuit court.

.2. The discretion of the county court, evidenced by their allowance to the judge, is the amount to which he is entitled.

J. E. FOGLE FOR APPELLEE.

1. It is clear that any person presenting a claim for an allowance before a county court of claims for twenty dollars or more, has an appeal to the circuit court.  (2 Bush, 110; 11 Bush, 239.)

.2. The remedy is not by mandamus.

.JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellee, county judge of Ohio county, made application to the county court of claims for an allowance of five hundred dollars for holding county courts for the year ending September 1st, 1879. The court of claims made an allowance of three hundred dollars, from which appellee appealed to the circuit court, when, upon a trial before a jury, he obtained a judgment for one hundred dollars more than the allowance made by the court of claims, and from this last judgment the county court appeals.

The principal question made by counsel is, that the circuit court had no jurisdiction to revise the finding of the court of claims.   They insist for appellant that the amount of salary to be paid the county judge is in the absolute discretion of the court of claims.   In this we do not concur.

The General Statutes provides, section 11, article 17, chapter 28, that "the court, at the court of claims, shall make an allowance to the presiding judge, out of the county levy, for his services in holding the county courts."

We think this can mean nothing else than a reasonable allowance—an allowance commensurate to the character and quality of the services performed, and as the statute has provided in general terms for an appeal to the circuit court when any claim for as much as twenty dollars has been

rejected, it is fair to presume that it was not intended to exclude the circuit court from appellate jurisdiction in this class of cases. If it had been the intention to make the court of claims the sole judge of the amount to be paid the county judge, and to take that out of the general class of claims presented to the court for allowance, and from a refusal to allow which an appeal is authorized, it is reasonable to presume that the statute would have contained words of exclusion as to jurisdiction of the circuit court.

The General Statutes provides that the court of claims shall allow to the county attorney a *reasonable* salary. In a case arising under that provision, we held that there was no absolute or arbitrary discretion in the court of claims to determine the amount of the allowance, and that an appeal would lie to the circuit court, notwithstanding the fact that the claimant in making his demand did not ask for any specific sum. (Gudgell v. Bath County Court, MS. Op., Oct. 21, 1880.)

There is nothing in the suggestion of counsel that appellee's remedy was by mandamus. Mandamus never lies to control discretion, but it may be used to compel its exercise. (City of Louisville v. McKean, 18 B. M., 17.)

It was proper to reject the evidence as to the amount of the income to the judge from the performance of the duties of his office other than that of holding county courts. For the other duties the law prescribes a specific compensation, and in addition to that, the provision is made for compensation for holding county courts. Whether the judge receives too much or too little for the other services performed by him cannot be considered in determining the question as to what his services are worth for holding county courts.

The instructions given to the jury conform to the views of the law here expressed, and as those refused do not, it follows that there was no error either in giving or refusing instructions.

Judgment affirmed.