JOHN CAREY *v.* BOARD OF TRUSTEES, TOWN OF BUTLER.

[Abstract Kentucky Law Reporter, Vol. 6—744.]

### Discretion of Officers Not Controlled by Mandamus.

Where, under the law and charter of a town the trustees are given the discretion to issue or refuse to issue a license to sell intoxicating liquors, and they do in the exercise of such discretion refuse a license, their action can not be controlled by mandamus.

**Effect of Procuring a County License.**

Procuring a county license to sell intoxicating liquors gives no right to the holder to sell such liquors in a town when the trustees of the town in their discretion refuse to issue a license therefor.

**Proper Function of a Writ of Mandamus.**

The writ of mandamus can not be used to control the honest discretion of public officers when they are by the law given a discretion, but may be employed to force a public officer to perform a plain ministerial duty. An officer refusing to act at all may be mandated.

APPEAL FROM PENDLETON CIRCUIT COURT.

April 21, 1885.

Opinion by Judge Holt:

The Board of Trustees of the town of Butler having refused the appellant, John Carey, a license to keep a coffee house with the privilege of selling spirituous liquors, he now asks that they be compelled by mandamus to grant it.

The statements of the petition must be taken as true, it having been dismissed upon demurrer.

It alleges that the plaintiff had followed said business in said town for several years under license from said board and during the time had conducted it in an orderly and lawful manner; that he had at great expense arranged and furnished a suitable house and was relying upon the business for a living for himself and family; that he had procured the proper county license but that said board of trustees in July, 1883, had upon "hearing his application" for another year, arbitrarily and without right refused the town license although he was then ready and willing to pay the tax and although it was then agreed by the board that he had the county license; that he had therefore conducted his house in an orderly manner; that he was of lawful age and good habits and character, and had a house suitable for the business. It further alleges that the only reason the board gave for not granting the license was that the precinct in which the town of Butler was situated under the act of the legislature of January 26, 1874, had on November 7, 1882, voted in favor of "local option" and that by their said refusal his business has been destroyed; his house rendered useless and he deprived of the means of making a living.

Several reasons are stated as showing that the vote as to "local option" in November, 1882, was invalid, and that as to it the election was a nullity. The only one, however, which presents any trouble, is that the "local option" law provides that any election under it shall be held at a "regular state, town, city or county election," and the one in question having been held when only a congressional election was had, it is claimed the statute did not authorize it. General Statutes, 1883, p. 907.

It does not, however, provide that the vote upon this question shall only be taken when state or town or city or county officers are elected; and we are inclined to think the legislature used the term "election" in its broadest sense, and when so considered a congressional election can properly be said to be a state election. The object was to get the sense and wish of the qualified voters upon the question and we see no reason why this can not be accomplished whether the vote be taken at a congressional election, or when state, county, town or city officers are elected. But there is another question behind this one which is decisive of this case.

The General Statutes, 1883, p. 807, provide that the privilege to sell spirituous liquors shall not be implied or embraced in any license to keep a tavern as heretofore, nor in a license to keep any coffee house, boarding house, or restaurant, or other place of entertainment licensed by any county court, or the trustees or other authority in any town or city, unless the said court, trustees or other authority shall deem it expedient so to do, and shall specify said privilege in such license.

The charter of the town of Butler provides, "that said board of trustees shall have power and the exclusive control and right to grant license for the sale by retail of all spirituous, vinous, or malt liquors within said town, or within one mile thereof, and no person have the right to sell spirituous, vinous or malt liquors within said town, or within one mile thereof without first having obtained a permit or license from said trustees, any law or statute to the contrary notwithstanding." Vol. 1, Acts of 1867-8, page 417.

Clearly the board of trustees had a discretion in the matter of granting licenses with the privilege of selling spirituous liquors, and although they may have refused the appellant one through a mistaken reason of either law or fact, yet this action can not be controlled by mandamus.

If they had captiously refused to take any action whatever in the matter, then they could have been compelled to act by mandamus; but the direction or result of such action can not be controlled when they have a discretion in the matter. In this instance no corrupt motive upon the part of the board is alleged, and it is stated in the petition, that the license was refused "after the deliberation."

When a public agent, whether invested with both judicial and ministerial powers, or only with the former, refuses to act in any way, or to entertain a question as to which it has discretion and which the law has enjoined upon its consideration, then obedience to the law may be enforced by mandamus and the agent compelled to act, if there is no other legal remedy; but in such a case the agent must be left free to act in such discretion as it deems proper.

The performance of a plain, manifest duty may be compelled by mandamus; and ordinarily the office of the writ is to compel a ministerial officer to perform or omit to do an act the performance or omission of which is enjoined by law; and it is so defined by our code of practice; and the courts of both England and this country have refused to coerce judicial discretion or to control the direction of ministerial action when invested by the law with a discretion.

In this instance if the law required the granting of the license to the appellant by the board of trustees as a mere plain, positive duty, devoid of discretionary power, as for instance the repair of a street in their town when shown to be out of repair and which then becomes a mere ministerial duty, and the non-performance of and for which they would be liable to indictment, then a different question would be before us from that now presented. The judgment of the lower court is sustained by both precedent and principle.

*Warren Co. Court v .Daniel,* 2 Bibb 573.

*Ohio Co. Court v. Newton,* 79 Ky. 267.

*Hull v. Supervisors,* 19 John. (N. Y.) 259.

*Wilson v. Supervisors,* 12 John. (N. Y.) 414.

Judgment *affirmed.*

*Clark & Applegate, for appellant.*

*John H. Fryen, for appellee.*