CASE 10—ACTION BY E. L. HUDGINS AGAINST CARTER COUNTY FOR
SERVICES AS PHYSICIAN IN SMALLPOX EPIDEMIC.—MARCH 13.

| 115 | 133 |
| 119 | 379 |

| 115 | 133 |
| 125 | 814 |

| 115 | 133 |
| 132 | 105 |

# Hudgins v. Carter County.

APPEAL FROM CARTER CIRCUIT COURT.

JUDGMENT DISMISSING PLAINTIFF'S PETITION ON DEMURRER AND HE
APPEALS. REVERSED.

COUNTY HEALTH OFFICER—PHYSICIAN—CLAIM AGAINST COUNTY IN
SMALLPOX EPIDEMIC—DISALLOWANCE BY FISCAL COURT—REMEDY
—AMOUNT OF RECOVERY—SERVICES TO PERSONS ABLE TO PAY.

Held:   1. After presentation of a claim to and its partial disallow-
ance by the county fiscal court, the claimant may bring his ac-
tion, and is not confined to an appeal from the court's judg-
ment.
2. A claimant, suing on a claim presented to and disallowed by
the county fiscal court, can not recover a greater amount than
that claimed before that court.
3. A county health officer can not recover from the county for med-
icines and services furnished during an epidemic to persons
able to pay therefor, but only for those given indigent persons,
and for general supervision occasioned by a quarantine, and at-
tention to those quarantined.

THEOBALD & THEOBALD, ATTORNEYS FOR APPELLANT.

This is an action by appellant against Carter county for a
reasonable allowance for his services as health officer of said
county.

This appellant filed his petition setting out his appointment
as health officer by the State board of health, the prevalence
of a smallpox epidemic in the county, and a statement of his
services, time engaged, and his presentation of his claim to the
fiscal court and its refusal to allow it. To this petition the
defendant, without demurrer or objection, filed answer in which
it attempts to traverse the allegations of the petition, and in
another paragraph attempts to set out its liability to appellant,
claiming that it had already allowed something, but was willing
to confess judgment for $1,000 at that itme.

Later on it filed a paper called a special demurrer, consisting
of six grounds.   (1) Because the account sued on is not the
same presented to and passed on by the fiscal court.   (2) Be-

Hudgins v. Carter County.

cause said court had no opportunity to pass on the claim sued on. (3) Because plaintiff presented his claim to said court for $4,050, and it allowed him $700 for services between October, 1900, and October 15, 1902. (4) Because said allowance of $700 is, in effect, a judgment on plaintiff's claim and binding on the county, and was allowed for all his services up to October 15, 1901. (5) Because plaintiff's claim sued on is not an appeal from any judgment against Carter county. (6) Because the Carter circuit court has no jurisdiction to vacate or modify an order or judgment of the Carter fiscal court except on an appeal.

The court overruled the demurrer on grounds 1, 2, 3, 4, and sustained it on 5 and 6. The plaintiff failing to plead further, his petition was dismissed, from which judgment this appeal is prosecuted.

The code recognizes four grounds of special demurrer. (1) That the court has no jurisdiction of the defendant or of the subject matter of the action. (2) That the plaintiff has no capacity to sue. (3) That another action is pending in this State between the same parties for the same cause. (4) That there is a defect of parties, plaintiff or defendant. Either of said grounds is waived unless distinctly specified by demurrer thereto, except the objection to the jurisdiction of the court. Section 92, Civil Code. No general demurrer was filed. The only question that can possibly be raised on this state of facts, is, do the facts stated create a liability on the county, and if so, is the remedy by appeal from the order of the fiscal court exclusive of all other remedies?

We contend that the remedy by appeal is cumulative and not exclusive, and there can be no question that the plaintiff had a valid subsisting claim against the county for his services.

### AUTHORITIES CITED.

Civil Code, secs. 92, 93; Kentucky Statutes, secs. 2047, 2055, 2060; Henderson County Board of Health v. Ward, &c., 21 R., 1193; Stephens v. Allen, 19 R., 1707; Washington County Court v. Thompson, &c., 13 Bush, 239.

ARMSTRONG & WOODS, for appellee.

The question raised by special demurrer to the jurisdiction of the Carter circuit court, in this action, is, has an officer of the county a right to sue the county for services rendered without first presenting his claim to the fiscal court for allowance?

Hudgins v. Carter County.

We contend that appellant's suit is nothing more than a suit for his salary. He does not allege that he ever asked the court to fix his salary, but says his services are worth the amount sued for.

He says he presented his claim for $4,050 to the fiscal court for his services, yet he sues for $4,500. We claim that his remedy is by appeal. In this way he gives the county an opportunity to allow his claim without payment of costs.

As to the demurrer filed we contend that it does not matter by what name a pleading is called. If it raises the proper question the court will name it.

### CITATIONS.

. Kentucky Statutes, secs. 978, 2047, 2055, 2060, 1840; Com. of Kentucky, sec. 107; Boone County v. Dells, 5 R., 686; Garrard County v. McKee, 11 Bush, 234; Washington County Court v. Thompson, &c., 13 Bush, 239; Hughey v. Sidwell, 18 B. M., 259; Barton v. Barton, &c., 80 Ky., 212; L. & N. R. R. Co. v. Brantley, 16 R.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellant filed his petition in the Carter circuit court against the appellee, alleging that he was a regular practicing physician, residing in Carter county, and was duly authorized to practice medicine under the laws of this State. That about the 5th day of June, 1900, the State Board of Health of Kentucky appointed three persons, naming them, as the local board of health for the county of Carter, and that the last-named board, at a meeting held on or about the 5th day of June, 1900, selected and appoint ed the appellant as health officer for Carter county, and that he at once accepted and entered upon the discharge of his duties as such, and continued to act as such health officer from that date until the filing of his action. That between October, 1900, and the 15th day of October, 1901, there prevailed in Carter county an epidemic of smallpox, which kept him constantly employed in looking after the same for at least 275 days of that time, and required him to make about 675 visits, vaccinate over 600 people, make 963

prescriptions, and furnish medicine involving 472 people, 425 of whom were quarantined, and to furnish a quantity of disinfectants used in the necessary fumigation of infected premises, and that such services rendered by him as health officer for Carter county were reasonably worth $4,550; and that he had not received anything as compensation. That he made out and presented his claim for $4,050 to the fiscal court, and asked that same be allowed him, and the court refused to allow him anything thereon. He then asked judgment for the $4,550. Appellee answered, controverting appellant's claim, and alleging that the fiscal court allowed appellant $700 on his claim, which was all he was entitled to for his services, and refused the balance. It afterwards offered to file an amended answer, to which there was an objection made, and while the court had this motion under consideration, the appellee, on motion, withdrew its answer and amended answer and filed the following demurrer to appellant's petition:

"The defendant, Carter county, comes and demurs specially to the plaintiff's petition: 1st. Because the amount sued on is not the same as the amount presented to and passed on by the Carter fiscal court. 2d. Because the Carter fiscal court has had no opportunity to pass on and allow or disallow the claim as set out in plaintiff's petition. 3rd. Because at the regular January term, 1902, of the Carter fiscal court the plaintiff presented his claim for $4,550 for allowance and the said court then and there allowed plaintiff the sum of $700 for his services between October, 1900, and October 15, 1901. 4th. Because the $700 allowed by the Carter fiscal court at its January term, 1902, is in effect a judgment against Carter county on the claim filed by plaintiff in the Carter fiscal court of $4,550, and is now binding on said county, and was allowed to plaintiff as a reason-

Hudgins v. Carter County.

able compensation for his services as health officer of Carter county from October, 1900, until the 15th day of October, 1901. 5th. Because plaintiff's petition against Carter county is not an appeal from any judgment or order of the Carter fiscal court. 6th. Because the Carter circuit court has no jurisdiction to vacate or modify an order of judgment of the Carter fiscal court except on appeal taken to said court."

The court sustained the demurrer on the fifth and sixth grounds named, and dismissed the petition, and the case is here on appeal.

By section 2060, Kentucky Statutes, physicians appointed as health officers for cities, towns, and counties shall receive reasonable compensation for their services, to be allowed by the councils, trustees, or county courts of the cities, towns, and counties, and to be paid as other town or county officers are paid. The appellant alleges in his petition that, as health officer, he performed the services named and presented his claim to the fiscal court, and the court failed to allow him anything thereon. The law as heretofore construed by this court required him to first present his claim to that court for an allowance, and, if not allowed, or if the allowance was unsatisfactory, then the claimant had either of two remedies—first, to appeal from the action of the fiscal court; second, to bring his action.

In the case of Washington County Court v. Thompson, 13 Bush, 239, which was a case where a claim was presented to the court of claims for allowance, and the court refused to allow it, and the claimant appealed from the order disallowing the claim, the county sought to dismiss his appeal, claiming he had no right to appeal, but should have brought his action, and referred to the case of Garrard County v. McKee, 11 Bush, 234. The court, in the

first case referred to, said: "In that case McKee had rendered professional services for the county of Garrard in resisting the enforcement of an alleged subscription for stock in the Kentucky River Navigation Company. He applied to the levy court for an allowance, which was refused. He then sued the county court in an action at law, and the judgment or order of the levy court was pleaded in bar of his action, and the only question for decision was whether he was bound to proceed by appeal. The court said, arguendo, that the act of 1867 did not apply to claims or demands against a county growing out of transactions founded upon a grant of power to the county in the character of a private corporation, and then decided the question in point by saying that McKee 'was not bound to appeal from the order refusing him the allowance asked.' The clear inference from the decision actually made is that he had his election either to appeal or to resort to his action at law, and hence the order of the levy court did not amount to a bar. The Kentucky Statutes provide (chapter 27, section 11) that 'any person presenting a claim before a county court of levy and claims for $20,' etc., shall have the right to appeal from an order rejecting it; and we feel that it would be carrying the doctrine of *stare decisis* to a most unreasonable length to refuse to carry out the evident will of the Legislature, because of an expression of opinion which was at most but a dictum. This conclusion will not operate to give claimants of the character under consideration an advantage over other county creditors. The remedy by appeal being merely cumulative, all county creditors may elect either to appeal or resort to their action."

In the case of Weis v. Lawrence County, 13 Ky. Law Rep., 975, was where the claimant, after the county court refused to allow his claim, resorted to his action. The case

of Turner v. Harrison County (17 R., 712), 32 S. W., 467, was a like case, and in the opinion the court used this language: "We are also of the opinion that the rejection of appellant's claim by the fiscal court of Harrison county is no bar to this action." To the same effect are the cases of Stephens, County Judge, v. Allen (19 R., 1707), 44 S. W., 386, and Henderson County v. Dixon (23 R., 1204), 63 S. W., 756.

The appellant can not claim in this action anything more than $4,550, the amount of the claim alleged to have been presented to the fiscal court for allowance, as in the opinion of this court the presentation of the claim to the fiscal court for its allowance is a prerequisite to any action; also he can not recover against the county for services and medicine rendered and furnished to persons who were able to pay for same. He can only recover for his services and medicine rendered and furnished to indigent persons (see Thomas v. Edmonson County, 8 Ky. Law Rep., 265), and for services and general supervision rendered by him which was necessary or reasonably necessary to quarantine and keep the smallpox under control and prevent the spread of the disease, and for attention to those quarantined.

For these reasons the case is reversed, and the cause remanded for further proceedings consistent herewith.