CASE 87.—PROCEEDINGS BY L. P. TRABUE AGAINST TODD
COUNTY TO DETERMINE THE REASONABLE-
NESS OF HIS SALARY AS HEALTH OFFICER,
FIXED BY THE FISCAL COURT.—May 22.

# Trabue v. Todd County

Appeal from Todd Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From the judgment plaintiff appeals—Affirmed.

1.  Health—Local Boards—Power to Make Regulations.—Acts of
    1904, p.  106, c. 35, in amendment of Ky. St. 1903, sec. 2055,
    provides for the appointment of county boards of health and
    empowers such boards to inaugurate and execute and to re-
    quire other persons to execute such sanitary measures as
    they may consider expedient to prevent the outbreak or
    spread of contagious diseases, to enforce the rules adopted
    by the State Board of Health, and to appoint a competent
    physician who shall be the health officer of the county and
    whose duties shall be to see that the rules provided for in
    the act and those of the State Board are enforced.  Held,
    that the county board of health was without jurisdiction to
    adopt a resolution placing the charge of all contagious dis-
    eases under the exclusive control of the health officer of
    the county and forbidding any other person from attending
    upon them; the object of the statute being to prevent the
    spread of contagious diseases, and not to prevent citizens
    from selecting their own means to cure such diseases, pro-
    vided the means were reasonably calculated to accomplish
    that purpose.
2.  Appeal—Review—Harmless Error—Omission to Instruct.—In
    a proceeding by a county health officer to determine the
    reasonableness of his salary, as fixed by the fiscal court,
    it was the officer's contention that he had exclusive charge
    of all contagious diseases in the county.   The court in-

structed to find for the officer such a sum as would be a
reasonable salary, but refused to further instruct whether
the health officer was required to treat all contagious dis-
eases in the county, or whether the fiscal court might also
employ competent physicians to treat its indigent citizens so
afflicted.   Held, that all the evidence on this point, much
of which tended to support the officer's contention, having
been ▸admitted, a refusal to give further instruction was not
prejudicial.

LEWIS McQUOWN for appellant.

THOMAS H. PAYNTER and J. R. MALLORY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Affirming.

Appellant was appointed health officer of Todd
county by the county board of health. He applied to
the fiscal court to fix his salary. The court fixed it
at $150 per annum. He appealed to the circuit court,
where the question of the reasonableness of the salary
was submitted to a jury, who returned a verdict also
fixing it at $150. This appeal is prosecuted that
another trial may be had because of certain alleged
errors in the last trial.

The statute makes the compensation of members
of the county board of health and the county health
officer payable out of the county treasury, and
requires the fiscal court to fix the compensation of
these officials. Stephens v. Allen, 44 S. W. 386, 19
Ky. Law Rep., 1707; Walker v. County, 65 S. W. 15,
23 Ky. Law Rep. 1267; sections 2055, 2060, Ky. Stats.
1903. The county board of health of Todd county
met on October 10, 1904, and elected appellant health
officer of the county  In December following the
board again met, and adopted a resolution prescrib-
ing certain rules governing the treatment of con-

tagious and infectious diseases that might appear in the county. Among other things they put, or attempted to place, the charge of all such cases under the exclusive control of the health officer of the county, and attempted to prevent any other person from seeing them at all, under penalties denounced by the board. On the trial of this case in the circuit court the value of appellant's services as health officer was sought to be shown by having witnesses testify to what in their opinion would be a reasonable compensation for one to perform the services prescribed by this resolution of the board. Predicated upon the assumption that the health officer was required to do all that the resolution devolved upon him, the witnesses, or most of them, placed the value of his services at $600 per annum. On the other hand, it was shown that to merely supervise the health conditions of the county, as they pertained to the contagious diseases mentioned in the statute, $150 was a reasonable salary. It was also shown that appellant had for a number of years held the office of health officer of Todd county before the adoption of the resolution above set out, and had been paid, and had received without complaint, $150 as full compensation for his services. The instruction given by the court to the jury was simply this: "The jury will find and fix in their verdict such a sum as will be reasonable salary to the appellant, L. P. Trabue, for his services as health officer for Todd county for the year beginning October, 1904, and ending October, 1905." Proof was admitted to show what his duties were or might be. It even went beyond the statutory duties of the health officer, being the opinions of certain physicians in construction of the statute, which were rather liberal, to say the least of it.

The act of March 18, 1904, being chapter 35, p. 106, of the Acts of 1904, amends section 2055, Ky. Stats., 1903, relating to the appointment of county boards of health, and county health officers. There is not a material enlargement of the duties and jurisdiction of the county boards, as was provided in section 2055 originally. The county boards of health are now composed of three physicians resident of the county, to be appointed by the state board of health, and the county judge and one member to be appointed by the fiscal court of the county. The local board is authorized to inaugurate and execute and to require families to execute such sanitary measures as the local board may consider expedient to prevent the outbreak or spread of smallpox, yellow fever, and such contagious diseases, and to this end may bring the affected population under prompt and proper treatment during premonitory and other stages of the disease. They are empowered to determine the location of eruptive hospitals, and are given power "to enforce the rules and regulations adopted by the state board of health." They are required to make certain reports of epidemics and contagious diseases to the state board, and are finally empowered to "appoint a competent practicing physician who shall be the health officer of the county and secretary of the board, whose duties shall be to see that the rules and regulations provided for in this act, and the rules and regulations of the state board of health are enforced, and who shall hold his office at the pleasure of said board, and he shall receive a salary, the amount of which to be fixed by the fiscal court at the time, or immediately after his election. In no state of case shall said health officer claim or receive from the county any compensation other than the salary fixed by the fiscal

court.'' The statute must be taken as the basis and extent of the authority of the county board as well as of the health officer. The county board is not given the power of legislation, nor is the state board either for that matter. ''Rules and regulations'' do not mean laws, but refer to such executive matters as are properly referable to the business of treating these contagious diseases, and to prevent their spreading in the community. The county board was without power to enlarge its own jurisdiction, or to add to the duties of the health officer by requiring him to do what they themselves were required by statute or the state board to do, or to do something beyond that required by statute of any of them. These boards are merely executive officers. And while they may, and from the nature of the business intrusted to them must to a very considerable extent, adopt courses of procedure in stamping out or preventing contagious diseases, they are not empowered to interfere with the privilege citizens have of employing their own physicians in case of sickness, or of interfering with the right of regularly licensed physicians to practice their profession when so employed. We agree that, in spite of such employments, the board of health may regulate proper quarantine security, and may require reasonable treatment to be administered or taken to eradicate such diseases; but to enforce the regulation is not to monopolize the practice of medicine in such matters, any more than it would be to monopolize that of nursing, feeding, or housing, or of labor necessary to carry quarantine into effect. The health officer is the executive officer of the local board. He acts for it to execute its lawful demands in such matters. His duty is that of oversight and direction, more than personal execution.

The resolution in question was far beyond the juris-
diction of the board to adopt. It may be necessary,
and we think it is, that for indigent persons infected
with such diseases treated of by the statute the
health officer is authorized to treat them, especially
in the absence of adequate provision therefor by the
fiscal court. But whether he treats them or not he
is authorized to oversee their treatment, and to
require it to conform to that prescribed by the state
board, if it has prescribed any, or by the county
board in so far as such treatment tends to pre-
vent the spread of the disease among others. The
first object of the statute was to prevent the
spreading of these highly contagious diseases, and not
to take out of the hands of people the selection of
their own means to cure such diseases in themselves,
provided such means are reasonably calculated to pre-
vent the spread of the disease to others. See Hud-
gins v. Carter County Court, 115 Ky. 133, 24 Ky.
Law Rep., 1980, 72 S. W. 730.

The jury, during their deliberations, asked the
court whether the health officer was required to treat
all contagious diseases in the county, or whether the
fiscal court might also employ competent physicians to
treat its indigent citizens who were so afflicted. The
court did not instruct the jury on the point, and this
failure is by appellant urged as reversible error. If
the court had instructed the jury on this point, we
think it would have been against appellant's theory of
his duties. But the court had let in all the evidence on
this point, much of which was conducive to the sup-
port of appellant's theory; so that there could have
resulted no prejudice to the substantial rights of
appellant in refusing the further instruction.

Finally, it is urged that the compensation fixed

Trabue v. Todd County.

by the jury is palpably against the evidence. We admit that it looks small enough, and we would have more trouble on this score but for the fact that appellant had performed the same duties for three years at the same compensation. The increase was sought, we presume, upon the supposed increase of labors and responsibilities under the county board's resolution. So appellant's witnesses who testified favorably to a larger salary based their opinions upon the same erroneous premise. The fiscal court, the appellant by his own previous conduct, the jury, and the learned trial judge in overruling the motion for a new trial have all agreed that $150 is a fair value of the services.

We do not feel at liberty upon this record to disturb the judgment, which is therefore affirmed.

Petition for rehearing by appellant overruled.