### Slater-Business Printing Company v. Tincher, County Judge, et al.

(Decided December 14, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Counties—Fiscal Court Acts Judicially in Allowing or Rejecting Claims.—In passing on claims, a fiscal court acts judicially, and its orders allowing or rejecting claims amount to judgments.

2. Counties—Where Fiscal Court Allows Part of Claim, New Action Not Maintainable in Circuit Court.—Where one presented claim for printing to fiscal court, and the items were reduced in amount, and judgment entered for part of each item, and the balance was rejected, and claimant voluntarily procured from the clerk of court warrants for the amount so allowed, and collected the money, he could not subsequently maintain an original action in

a circuit court to recover the rejected balance, in view of Civil Code of Practice, sections 724-731.

JOHN L. WOODBURY and FURLONG, WOODBURY & FURLONG for appellant.

J. MATT CHILTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant company brought this action in the Jefferson circuit court against the fiscal court of Jefferson county to recover $1,091.81, due, as it is alleged, for printing and supplies furnished by it to the county of Jefferson between the 17th of July and the 28th of July, 1918; and the further sum of $49.65 for supplies furnished by the company to the county between January 22, 1919, and March 27th of the same year. By answer the county averred that appellant presented a claim for $2,128.10 on various items furnished to the county between the first dates mentioned above, and that after considering the claim the fiscal court reduced the amount thereof and entered a judgment for $1,036.30 and rejected the balance of plaintiff's claim, amounting to $1,091.80. In like manner the appellant presented a claim for supplies furnished between the second dates mentioned above, and that the said claim, after consideration by the court, was reduced to $249.10, and judgment entered in favor of appellant for said sum, directing a warrant to issue upon each of said claims for the amount adjudged in favor of the appellant and against the company; that the appellant appeared at the office of the clerk of the Jefferson county court and demanded of the clerk a warrant for the sums allowed by the fiscal court, and the clerk issued to appellant two separate claims, one for $1,036.00 and the other for $249.10, which the appellant received, accepted and indorsed and presented to the treasurer of Jefferson county for payment; that the treasurer paid to appellant the said sums which it applied to its own purposes; that by reason of the foregoing facts and circumstances appellant printing company had lost its right to prosecute this action in the Jefferson circuit court as an original proceeding. A general demurrer was filed to the answer. After considering it the court entered an order accompanied by a written opinion overruling the demurrer.

Undoubtedly appellant company furnished the county at the instance of the county clerk with quite a large bill

of supplies to be used for election purposes, and the only question is whether the claim was fully closed when the fiscal court refused to allow the whole amount thereof and entered a judgment in favor of appellant for a substantial part only of the claims and rejected the balance, and appellant voluntarily procured from the clerk of the county court warrants for the amounts so allowed by the court and collected the money and applied it to its own purposes.

In passing upon claims a fiscal court acts judicially and its orders allowing or rejecting claims amount to judgments. Ohio v. Newton, 79 Ky. 267; Jefferson County v. Young, 120 Ky. 456.

In each of the claims presented by appellant were a number of items. Neither of the claims was wholly rejected. In fact something was allowed on every item. Had the claims been denied *in toto* appellant might have instituted a new action in the circuit court as it did in this case and prosecuted it to judgment, and, if found necessary, appealed it to this court. But the fiscal court having taken jurisdiction of the claims presented by appellant, as it had the power to do, and after considering them allowed them in part and rejected them in part, entering an order in accordance with its finding, appellant could not abandon the judgment in its favor in a jurisdiction to which it had submitted its cause and collected its judgment, and apply to another court. If allowed to do so it might have two judgments for the same claim and thus collect it twice. It should have prosecuted an appeal from that judgment to the Jefferson circuit court instead of bringing a new action in the Jefferson circuit court to recover upon the whole claim. Where the appeal is to a court in which a *de novo* trial alone can be had, an acceptance by the appellant of the amount of the judgment in the inferior court must perforce bar a trial on the balance of the claim, for the appellee is entitled to litigate the whole claim if he desired to do so.

There are two ways by which a dissatisfied claimant before the fiscal court may secure a review: (1) by appeal under sections 724-731 Civil Code; and (2) by an independent action, such as the present one, in the circuit court. In either case the matter is tried *de novo* in the circuit court. But an original action in the circuit court can only be maintained when the fiscal court wholly rejects the claim. An original action in the circuit court is

in effect, under such circumstances, an appeal as the trial is *de novo*. A new action cannot be prosecuted when the claimant has collected the judgment recovered in the lower court for a part of his claim and attempts to litigate by independent action the rejected balance only.

If, as alleged in the answer, plaintiff voluntarily collected the fruits of its partial victory, it deprived itself of the right that otherwise it would have had to prosecute its claim in the circuit court.

We think the chancellor properly ruled that the appellant company could not, under the facts and circumstances presented by the record, have a recovery for that part of the claim rejected by the fiscal court.

Judgment affirmed.