## Tarter, County Attorney, et al. v. Pyles, et al.

(Decided December 17, 1926.)

### Appeal from Pulaski Circuit Court.

1. Counties—Parties Appealing from Fiscal Court's Orders Need Not Cause Issuance of Summons and are Not Responsible for Clerk's Delinquency (Civil Code of Practice, Sections 39, 724).— Parties appealing from orders of fiscal court, under Civil Code of Practice, section 724, need not cause summons to be issued, as in original action under section 39, but may rely on clerk discharging such duty, and are not responsible for any delinquency on his part.

2. Counties—County Attorney May Appeal from Fiscal Court Order Without Bond or Order from Fiscal or County Court (Civil Code of Practice, Section 724).—While execution of bond is prerequisite to appeal by private person from order of fiscal court under Civil Code of Practice, section 724, county attorney may prosecute appeal without bond or order from either county court or fiscal court.

3. Counties—No Statement of Costs Need be Filed on County Attorney's Appeal from Fiscal Court Order (Civil Code of Practice, Section 724).—No bond being required on county attorney's appeal from order of fiscal court under Civil Code of Practice, section 724, no statement of costs need be filed.

4. Counties—Filing Petition and Copy of Fiscal Court Order in Circuit Clerk's Office, with Injunction Not to Issue Summons, Does Not Institute Appeal (Civil Code of Practice, Section 724).—Filing petition and copy of fiscal court order in circuit clerk's office, with instruction not to issue summons, does not institute appeal therefrom under Civil Code of Practice, section 724.

5. Counties—Appeal from Fiscal Court Order, Filed on Last Day for Appeal, with Instruction Not to Issue Summons, Held Too Late.—Where petition and copy of fiscal court's order were filed, with instruction not to issue summons, on last day for filing appeal therefrom, and six months elapsed before instructions were changed, circuit court had no jurisdiction and should have dismissed appeal as too late.

C. L. TARTER for appellants.

JAMES DENTON, W. B. MORROW and WESLEY & SON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

At a special term of the Pulaski fiscal court held on the 25th day of September, 1923, the following resolution was unanimously adopted:

"Whereas, there is a controversy between the state of Kentucky and county of Pulaski as to the amount due said county for state aid under the road law, and whereas, said road fund is only payable at approximately $6,000.00 per annum, and whereas, project No. 22 between the limits of the city of Somerset and the McCreary county line in Pulaski county has not been taken over as a state highway, and whereas, it appears that if the road commission of the state should take over said road, which is and consists of a mileage of about fifteen miles, it would save the county in the upkeep and maintenance of the road as it now exists the sum of something like $3,000.00 per year, and it appearing the said road would cost approximately $375,000.00, and that after it was constructed by the state that the state would maintain it and that it would cost approximately $6,000.00 per year to maintain said road, and it appearing that the above project No. 22 will have to be completed before the state would take over and maintain other county seat roads, and it appearing that the building of this road and the taking over of same would be of inestimable value to Pulaski county; now, therefore,

"BE IT RESOLVED that the fiscal court of Pulaski county, in consideration of the state taking over said highway, being project No. 22, from the

limits of the city of Somerset to McCreary county
line, that the said highway commission is hereby au-
thorized and directed to use any and all money it
may owe Pulaski county for any purpose on said
project No. 22 in Pulaski county, and any claim the
said county may have against the state is hereby re-
linquished.''

On November 23, following, C. L. Tarter as county
attorney and R. C. Tarter as county judge of Pulaski
county filed a purported appeal in the office of the clerk
of the Pulaski circuit court attacking the validity of this
order on several grounds, and asking that it be set aside
and cancelled. At the time these papers were filed the
appellants therein instructed the circuit clerk not to issue
any summons thereon. Later, on the 16th day of May,
1924, the clerk, under the instructions of appellants,
issued summons against the members of the fiscal court,
who were all duly served except appellant R. C. Tarter,
county judge, who accepted service for the fiscal court
of Pulaski county. By amendment the members of the
state highway commission were made parties appellees.
Numerous motions, including motion to dismiss for lack
of jurisdiction, and demurrers were filed by the various
appellees, all of which were overruled, and the case pro-
gressed to an issue upon several questions. The court de-
clined to hear evidence, and on final hearing dismissed
the appeal on the pleadings and exhibits. From that
judgment this appeal is prosecuted in the name of C. L.
Tarter, county attorney of Pulaski county, R. C. Tarter,
county judge of Pulaski county, and Pulaski county.

It is unnecessary to enumerate the questions in-
volved in the hearing below as we have reached the con-
clusion that the appeal was not prosecuted in time. In
Young v. Jefferson County, 30 R. 1209, it was held that
appeals from the orders of the fiscal court were regulated
by section 724 of the Civil Code, which provides:

　　''The party appealing shall produce to the clerk
of the court to which the appeal is taken a certified
copy of the judgment and amount of costs, and cause
to be executed before him, by one or more sufficient
sureties to be approved by him, a bond to the effect
that the appellant will satisfy and perform the judg-
ment that shall be rendered upon the appeal; where-
upon the clerk shall issue an order to the judge,

mayor or justice, rendering the judgment, to stay proceedings thereon; and to transmit to the office of said clerk all the original papers in the case; and the appellee shall be summoned, actually or constructively as is provided in chap. 2 of title 4, to appear and defend the appeal. The provisions of this section, in regard to clerks, apply to a judge who acts as clerk of his own court.''

It will be observed that the statute requires the filing of a certified copy of the judgment and the amount of the costs and the execution of sufficient bond in the circuit clerk's office, whereupon it is made the duty of the clerk to issue an order to the lower court staying the proceeding and to issue summons against the appellees. The appellant is under no duty to cause summons to be issued as in an original action under sec. 39 of the Civil Code, but may rely on the clerk discharging his duty, and will not be responsible for any delinquency on his part. Brown v. Bennett, 102 Ky. 518. It has been held that if bond is executed at the proper time the failure to file copy of the judgment within sixty days will not render the appeal invalid. Case v. Strong, 9 Ky. Opinions 77. It will further be noted that while in the case of a private person the execution of bond is a prerequisite to an appeal, the county attorney may prosecute an appeal without an appeal bond or an order from either the county or fiscal court directing him to do so. McCreary County v. Myer, etc., 177 Ky. 366; Hopkins County v. Givens, 29 K. L. R. 993; Clay County v. Roach, 174 Ky. 436.

No bond being required in such cases, there is no necessity of filing a statement of costs; indeed, it is not probable that any costs accrued in the fiscal court, and if appellants had merely filed their petition and a certified copy of the order appealed from, even without any direction to the clerk, such action, though indefinite, would perhaps imply an intention to prosecute an appeal and be sufficient to start the legal proceeding and render it the duty of the clerk to issue summons for the appellees. But to prosecute an appeal it is essential for the litigant to do something to put the legal machinery in motion. Filing the petition and copy of order of the lower court in the clerk's office with instruction not to issue summons does not do this; such action imposes no duty upon the clerk, and is tantamount to lodging those papers in the

office until such time as the parties decide whether or not they will prosecute the appeal, and until the direction not to issue summons is changed it cannot be said that an appeal is pending. For illustration, it appears that in this case the papers were filed and directions not to issue were given on the last day for filing the appeal, and six months elapsed before the instructions were changed. If this was permissible the time might be extended to a year, ten years or longer, and a party could adopt this as a subterfuge and render the statutory period of limitation in which an appeal may be taken abortive, though in this we do not mean to intimate that such was the purpose of appellants.

It follows that no appeal was prosecuted within the statutory period of sixty days, and the circuit court had no jurisdiction thereof and should have dismissed the appeal. While the judgment of dismissal in the circuit court was based on another ground the same end was reached as if it had dismissed the appeal.

Wherefore, perceiving no error, the judgment is affirmed.