## City of Middlesboro ex rel. Minton v. Gibson.

(Decided June 15, 1928.)

### Appeal from Bell Circuit Court.

1. Municipal Corporations.—Attempt of outgoing board of commissioners of city of the third class operating under the commission form of government to bring chief of police under the protection of the provisions of Acts 1926, c. 132, (Ky. Stats., sec. 3351a-1 et seq.), by adopting ordinance declaring he possessed requisite qualifications without requiring him to take examination as provided for in such act, held ineffectual.

2. Municipal Corporations.—Attempt of board of commissioners of city of the third class operating under commission form of government to remove chief of police without cause and to appoint his successor without providing for his examination, under Acts 1926, c. 132 (Ky. Stats., sec. 3351a-1 et seq.), held ineffectual, since under the act the board of commissioners did not have right to remove police officers at pleasure, leaving them only the right to prescribe qualifications and to require examination thereof.

3. Municipal Corporations.—Acts 1926, c. 132 (Ky. Stats., sec. 3351a-1 et seq.), requiring examination as to qualifications of applicants for position in police department, held, as applying to persons in office at time of enactment, not in violation of Constitution, sec. 161, forbidding changing compensation of city, county, town, or municipal officers after election or appintment; such provision applying only to officers who are elected or appointed for fixed and definite term, and not applying to policemen.

DAVIS & HARRISON for appellant.

LOW & BRYANT for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Middlesboro is a city of the third class and operates under the commission form of government. Appellee;

Robt. B. Gibson, was elected to the office of chief of police of the city on February 22, 1926, and held the office until January 9, 1928, when the board of commissioners elected at the November election, 1927, adopted a resolution removing him from office and appointing in his stead the appellant, Chas. Minton. The mayor of the city refused to recognize the appointment of Minton as valid and continued to recognize appellee as chief of police. Minton thereupon instituted this action, in which he sought an injunction to restrain appellee from exercising or attempting to exercise any of the duties of the office of chief of police and to require him to surrender the offices occupied by him and the equipment therein.

The appellee filed an answer, counterclaim, and cross-petition in which the two commissioners who had attempted to remove him from office were made parties. He sought an injunction to restrain Minton from attempting to act as chief of police and the commissioners from attempting to remove him from office except upon written charges preferred in good faith and after a trial before the board as provided by chapter 132 of the Acts of 1926 (section 3351a1 et seq., Kentucky Statutes). Upon a final hearing the court refused appellant Minton's application for an injunction and granted appellee the full relief sought in his counterclaim and cross-petition.

It is appellant's contention that chapter 132 of the Acts of 1926 did not apply to appellee, for the reason that the examination of applicants for positions on the police force and the establishment of rules and regulations covering such force are preliminary to the establishment of the merit or civil service system which it contemplated, and, since no examination had been required and no rules and regulations had been established and no qualifications of the members of the police department had been prescribed, the appellee not having been appointed for a fixed and definite period of time, that he held the office at the pleasure of the board of commissioners and could be removed at any time. The outgoing board of commissioners undertook on November 28, 1927, to place appellee under the protection of the act of 1926 by adopting an ordinance declaring that he possessed the requisite qualifications and reappointing him to the office of chief of police. In Stolzy v. City of Henderson, 8 S. W. (2d) 621, decided May 25, 1928, we held that such action by the board of commissioners was not a compliance with the

provisions of the 1926 act and failed to give the appointee the full protection afforded thereby. In the Stolzy case the succeeding board of commissioners, in compliance with the 1926 act, adopted an ordinance prescribing the qualifications of applicants for appointments as members of the police force and providing for their examination. The incumbents sought to enjoin the board of commissioners from holding such examination and removing them from office. It was held that, after the board of commissioners had complied with the act by prescribing qualifications for applicants and providing for their examination, the incumbents, who had not served the five years as required by the statute, were required to take the examination, and, if successful, they would be on an equal footing with all other qualified applicants who passed the examination, and the board of commissioners might select from the list of successful applicants, including the incumbents, the required number of policemen.

In the instant case the new board of commissioners did not undertake to comply with the 1926 act by adopting an ordinance prescribing qualifications of applicants and providing for an examination, but undertook to remove appellee and to appoint a successor who should hold office at the board's pleasure. It was the purpose of the act that policemen and firemen in cities of the third class should be placed under a merit system and should not be removed except for cause. It was not contemplated that the legislative boards of such cities would evade the provisions of the act by failing to prescribe qualifications for members of the police and fire departments and to provide for examinations as to the qualification of applicants for positions in these departments and to require that all applicants take such examinations. While the attempt of the old board of commissioners to bring appellee under the protection of the provisions of the act without requiring him to stand an examination was ineffectual, the attempt of the succeeding board of commissioners to remove him without cause and to appoint a successor without providing for an examination was equally ineffectual. To hold their action valid would be to nullify the 1926 act and permit an evasion of its plain provisions. The act took from the board of commissioners the right to remove appellee at pleasure, but left with the board the right to prescribe the qualifications of applicants for positions in the police department and to require all applicants, including appellee, to

be examined as to their qualifications. Such application of the act to persons in office at the time it was enacted, who were holding office at the pleasure of the appointing power, does not violate section 161 of the Constitution, since that section only applies to officers who are elected or appointed for a fixed and definite term, and it has been held that it does not apply to policemen. City of Lexington v. Rennick, 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106, 20 Ky. Law Rep. 1609, 1924.

From what we have said, it necessarily follows that the chancellor correctly refused appellant Minton's application for an injunction. However, the injunction granted the appellee is too broad, since it exempts him from the requirement of submitting to examination, if, and when, one is properly required.

Judgment is reversed, with directions to enter a judgment in conformity herewith.