## Stewart v. Kidd.
(Decided Jan. 14, 1936.)

HOLLAND G. BRYAN and JOHN E. KIRKSEY for appellants.

W. A. MIDDLETON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

Dr. O. R. Kidd, county health officer of McCracken county, brought this suit, against Brady M. Stewart, county judge, and Adam Temple, R. E. Moshell, and L. G. Sears, commissioners of McCracken county, to recover three months' back salary at the rate of $50 per month. The basis of the action was that after Dr. Kidd's election the defendants, constituting the fiscal court of McCracken county, illegally reduced his salary from $50 a month to $50 a year. During the progress of the action, an amended petition was filed seeking a recovery of salary at the rate of $50 a month for three additional months. After both the general and special demurrer to the petition had been overruled, an answer was filed and its affirmative allegations were controverted of record. Thereafter an amended petition was filed pleading in substance that the salary of $50 a year was unreasonable, and not sufficient to compensate the county health officer for his services. The amended petition concluded with a prayer that the defendants be required to fix a reasonable salary for the county health officer commensurate with the duties imposed on him by law. After hearing the evidence, the court permitted the amended petition to be filed, adjudged that the salary of $50 a month was unreasonable, and entered an order

directing the members of the fiscal court at their next meeting to fix a reasonable salary for the plaintiff as county health officer commensurate with his duties as fixed by law. From that judgment, this appeal has been prayed.

As appellee held office at the pleasure of the local board, section 2055, Kentucky Statutes, and not for a fixed term, section 161 of the Constitution, providing that the compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office, does not apply, and the reduction of the salary of the county health officer from $50 a month to $50 a year was not invalid on the ground that it conflicted with that section of the Constitution. City of Lexington v. Rennick, 105 Ky. 779, 49 S. W. 787, 50 S. W. 1106, 20 Ky. Law Rep. 1609, 1924; City of Lexington v. Thompson, 113 Ky. 540, 68 S. W. 477, 24 Ky. Law Rep. 384, 57 L. R. A. 775, 101 Am. St. Rep. 361; Gilbert v. City of Paducah, 115 Ky. 160, 72 S. W. 816, 24 Ky. Law Rep. 1998; City of Middlesboro v. Gibson, 225 Ky. 120, 7 S. W. (2d) 825. When this was made to appear appellee changed the basis of his action and filed his second amended petition, attacking the salary of $50 a year on the ground that it was unreasonable and not commensurate with the services which he was required to perform, and asking that the defendants be required to fix a reasonable salary. If the amended petition be regarded as an application for mandamus, and, strictly speaking, that is what it is, the court was without authority to grant the relief for the reason that the fiscal court had the power to fix the salary of the county health officer, and mandamus will not lie for the purpose of controlling its discretion, or of correcting its decisions. City of Louisville v. Kean, 18 B. Mon. 9; Ohio County Court v. Newton, 79 Ky. 267, 2 Ky. Law Rep. 306. For this reason, we have uniformly held that except in cases where its action is void, the proper method of reviewing an order of the fiscal court fixing the salaries of county officers is by appeal. Ohio County Court v. Newton, supra; Butler County v. Gardner, 96 S. W. 582, 29 Ky. Law Rep. 922; Trabue v. Todd County, 125 Ky. 809, 102 S. W. 309, 31 Ky. Law Rep. 332; Center's Adm'r v. Breathitt County, 90 S. W. 1054, 28 Ky. Law Rep. 1003. Indeed, it is said that the circuit court treated the second amended petition as an appeal from the order fixing the salary

at $50 a year, and made that the basis of the relief granted. But, even if the second amended petition be treated as an appeal, another difficulty presents itself. Under the Code, appeals to the circuit court from all orders and judgments of the fiscal court must be taken within sixty days from the rendering of the judgment. Civil Code of Practice, sec. 729. The order of the fiscal court fixing the county health officer's salary at $50 a year was made on February 28, 1934. The original suit was not filed until May 4, 1934. The second amended petition was not filed until December 14, 1934. Whether the appeal be regarded as taken on December 14, 1934, or on May 4, 1934, it was not in time, and the court being without jurisdiction should have dismissed the appeal. Tarter, County Attorney, v. Pyles, 217 Ky. 243, 289 S. W. 289.

Wherefore, the appeal is granted, and the judgment is reversed and cause remanded for proceedings not inconsistent with this opinion.