## Turner v. Bowman, County Judge.

June 1, 1943.

508

H. L. Rudd, Leebern Allen and D. C. Howell for appellant.

W. C. Robinson and E. B. Rose for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

Section 63c-18 of Carroll's Kentucky Statutes (KRS 257.280) provides that the fiscal court of each county shall appoint a livestock inspector and fix a salary commensurate with his ability and his duties. The appointment does not become effective until it is approved by the State Board of Agriculture. No fixed term is provided. Section 63c-19 (KRS 257.290) provides that the State Board of Agriculture may, in its discretion, remove the inspector for failure to comply with directions of the State Veterinarian.

On June 9, 1941, the fiscal court of Owsley County appointed the appellant, Roy Turner, livestock inspector but fixed no salary. On September 8 another order was entered appointing appellant and fixing his salary at $40 per month, beginning September 18, 1941. On October 7, 1941, the following order was entered:

"Ordered by the court that the order of September 8th, 1941, employing Live Stock Inspector be and the same is hereby set aside and cancelled. It is further ordered that the said Live Stock Inspector employed by the County shall be paid $1.00 per year."

On October 11, 1941, appellant filed this action alleging he was appointed livestock inspector on May 5, 1941, and that he entered upon the duties of the office and had since been performing them. It was alleged that the order reducing his salary to $1 per year was void and that the county was indebted to him for salary in the amount of $170 for which judgment was prayed. An amended petition was filed in March, 1942, praying judgment for $370 alleged to be due and owing for accrued salary.

On January 31, 1942, another action was filed alleging the foregoing facts in substance and seeking a mandatory injunction to compel the payment of the salary of $40 per month to appellant "during the remainder of his term." The two actions were consolidated and judgment was entered dismissing both petitions. The appeal is from that judgment.

Manifestly, the trial court correctly dismissed the petition seeking recovery of salary prior to May 7, 1942, the date of approval of the appointment by the Board of Agriculture, since the statute provides that

"in no case shall the appointment of the county livestock inspector become effective until the appointment has been approved by the board."

It is true that the Board in the order of approval provided that the approval should be effective as of June 15, 1941, but this it had no authority to do. Under the plain terms of the statute the appointment was not effective until it was approved by the Board and this approval was on May 7, 1942. The Board had no power to abrogate the terms of the statute by making its approval retroactive.

It is argued by appellant that the fiscal court had no power to reduce the salary fixed in the order of September 8 but with this we do not agree. There is no fixed term of office provided in the statute requiring the fiscal court to appoint a livestock inspector and this court has consistently held that the salary of an officer holding at the pleasure of the appointing authority, and not having a fixed term, may be increased or reduced. Stewart v. Kidd, 262 Ky. 90, 89 S. W. (2d) 861; City of Middlesboro ex rel. Minton v. Gibson, 225 Ky. 120, 7 S. W. (2d) 825; City of Lexington v. Rennick, 105 Ky. 779, 49, S. W. 787, 50 S. W. 1106. Appellant takes the position that he could only be removed from office with the approval of the State Board of Agriculture and that therefore he was not holding an office merely at the pleasure of the appointing power but this argument is without proper basis. It is true that the statute provides that "failure upon the part of the county livestock inspector to comply with the directions of the State Veterinarian shall be cause for his removal, which shall be at the discretion of the board" but we do not think this provision was intended to limit the right of the fiscal

court to remove its appointee and regard it only as conferring upon the State Board the power of removal in case of failure of the inspector to comply with the directions of the State Veterinarian. No fixed term is provided in the statute and the appointee is removable at the pleasure of the fiscal court.

And, since the fiscal court had power to reduce appellant's salary, mandamus did not lie for the purpose of controlling its discretion. Stewart v. Kidd, supra. And, having power to reduce the salary, the court's action in so doing was not void and the proper method of reviewing its action was by appeal. Stewart v. Kidd, supra; Ohio County Court v. Newton, 79 Ky. 267, 2 Ky. Law Rep: 306; Traube v. Todd County, 125 Ky. 809, 102 S. W. 309; Center's Adm'r v. Breathitt County, 90 S. W. 1054, 28 Ky. Law Rep. 1003. The second action was not filed by appellant until January 31, 1942, more than sixty days after the order reducing the salary and, even if the action could be considered as an appeal, it was filed too late to be effective as an appeal since such appeals must be taken within sixty days. Stewart v. Kidd, supra. The first action seeking recovery of salary was in no sense an appeal from the fiscal court order and did not purport to be such. Under the authorities cited appellant could question the validity of the fiscal court's action in reducing the salary only by appeal to the circuit court.

It is argued by appellant that since the statute requires the fiscal court to fix the salary at an amount commensurate with the ability and duties of the livestock inspector the action of the fiscal court in reducing the salary to $1 per year was arbitrary and unreasonable. Conceding, arguendo, that this is true, appellant should have questioned the court's action by appeal and not by mandamus since the court's action was not void, it having power to reduce the salary. The trial court properly dismissed the action for mandatory relief as well as the action seeking to recover salary.

Affirmed.