## Commonwealth of Kentucky v. Carter

(Decided February 25, 1913.)

### Appeal from Owen Circuit Court.

1.    Statutes—Construction—Relating to the Same Subject Matter.— A special act must be, if possible, so construed as to harmonize it with a prior enacted general law upon the same subject.

2.    Courts—Courts of Limited or Inferior Jurisdiction—County Judges —Criminal Jurisdiction.—The legislative purpose, as expressed in section 1073, et seq., Ky. Stats., was not to enlarge the criminal jurisdiction of county judges but to transfer to them from the

circuit court a jurisdiction which it had previously acquired, but which they might have acquired; a county judge, therefore, is without jurisdiction to try one confined in jail, and unable to give bail, under a warrant issued on an indictment charging him with an offense, the maximum punishment for which exceeds a fine of $100.00 or imprisonment for fifty·days, or both.

JAS. GARNETT, Attorney-General, and D. O. MYATT, Assistant Attorney-General, for appellant.

OPINION OF THE COURT BY JUDGE LASSING—Certified as the law of the case.

John Carter, was, by the grand jury of Owen County, charged with the offense of "unlawfully shooting at another person, in sudden affray and in sudden heat and passion, without previous malice and not in self-defense, without wounding said person." A bench warrant was issued on said indictment and the defendant taken into custody, and, being unable to give the bail fixed by the court, was by the sheriff delivered over to the jailer of Owen county, and by him placed in jail. On the same day, the jailer gave notice to the county judge that the said Carter was then in custody in jail, in default of bail, under said indictment. The circuit court not then being in session, the county judge directed the clerk to deliver to him a certified copy of the record and thereupon ordered Carter brought before him for trial. Upon the trial, he was found "not guilty" of the offense charged and discharged from custody. When the circuit court convened, in November following, on motion of the Commonwealth's attorney, a bench warrant was ordered issued for said Carter on said indictment. He was arrested, brought into court, and placed on trial for the offense set out in the indictment, whereupon he entered a plea of former trial and acquittal. By agreement, the law and facts were submitted to the court, who, being of opinion that the prosecution before the county judge was a bar to any further proceedings under the indictment, sustained said plea and discharged the defendant from custody. Being dissatisfied with this ruling, the Commonwealth prayed, and was granted, an appeal.

The criminal jurisdiction of the county judge is limited to that class of cases, where the penalty imposed does not exceed a fine of $100.00, or imprisonment for fifty days, or both said fine and imprisonment. Section 1073, Kentucky Statutes, provides as follows:

"When any person charged with a misdemeanor shall

be lodged in jail in default of bail, it shall be the duty of the jailer to at once notify the county judge and county attorney of the fact, if the court in which the person has been indicted or before which he has been ordered to be brought is not in session."

Section 1074 makes it the duty of the county judge, upon receipt of such notice, to order a copy of the record from the circuit clerk and cause the prisoner to be brought before him for trial. Section 13, Subsection 6, Criminal Code, provides that judges of the county court shall have the same original criminal jurisdiction as justices' courts; and by subsection 5, of Section 13, the jurisdiction of justices of the peace is limited to offenses, the punishment for which is a fine not exceeding $100.00 or imprisonment not exceeding fifty days, or both such fine and imprisonment.

When Sections 1073 and 1074 are read in connection with these sections of the criminal code, do they mean that the legislature intended, in the enactment of the statute, to enlarge the jurisdiction of county judges so as to include all cases of misdemeanor, where the defendant is in jail and unable to give bond, and permit them to try such defendant even though the punishment, authorized by law to be imposed, exceeds that designated in subsection 5, section 13, of the Criminal Code; or, did the legislature merely authorize the county judge to try any one, who might be in jail and unable to give bail, charged in an indictment with a misdemeanor, the punishment for which brings it within the jurisdiction conferred upon him by the code provisions referred to?

The statutes, above referred to, have been several times before this court, but the precise question involved in this case has not heretofore been raised. In Lowry v. Commonwealth, 18 Rep., 481, Lowry had been arrested on a warrant charging him with a violation of the local option law of Logan County, a local act of the legislature passed at its session of 1889-90. Upon his examining trial he was held over to await the action of the grand jury and, in default of bail, was committed to jail. Thereafter, the steps provided for by Sections 1073-4-5 and 6 were complied with, and he was tried before the county judge and fined $100.00. He appealed, and a reversal was sought upon the ground that the county judge had no jurisdiction to try his case, first, because the general law, passed by the legislature in conformity to Section

142 of the constitution, had the effect or repealing Section 1, of the Act of 1889-90, the Logan County local option law, in so far as it conferred jurisdiction upon justices of the peace to try parties, charged with violating said act, and second, because Section 1073 and subsequent sections of the statutes were in conflict with section 12 of the constitution, in so far as they authorized the trial before the county judge, of one charged with an indictable offense before any indictment has been returned to the circuit court. The court held the first position untenable, because the act of the legislature, conferring upon justices of the peace equal and uniform jurisdiction throughout the state, merely had the effect of declaring inoperative those provisions of special acts which sought to confer upon justices jurisdiction, inconsistent with the general law, and as under the general local option law, a justice of the peace had jurisdiction to try the accused for the offense with which he stood, charged, this defense was unavailable. As to the second ground relied upon, the court held that the provisions of the statutes in question were not violative of Section 12, of the constitution, as these statutes were enacted for the benefit of the accused in order to give him a speedy trial, in case he was unable to give bail, and the circuit court was not in session, and that Section 12 of the constitution applied only to offenses which were indictable at common law, and had no reference to misdemeanors created by statute, and that these latter could be tried in such a manner as the legislature should direct. The judgment was therefore affirmed. While the jurisdiction of the county judge was called in question in that case, it was not upon the ground that the punishment authorized exceeded that, over which the county judge had jurisdiction; for while, under the Logan County act, the maximum penalty did exceed a fine of $100, and an imprisonment of 50 days or both, the act itself imposing these penalties, conferred special jurisdiction upon the county judge to try cases arising under it. The main point, relied upon for reversal, was that Section 12 of the constitution prohibited the county judge from trying the case, because the accused was charged with an indictable offense and had not, as yet, been indicted.

Again, in Carrington v. Commonwealth, 78 Ky., 83, and McDermott v. Commonwealth, 30 Rep., 1227, the validity of prosecutions, under these provisions of the stat-

utes, was called in question. In the former case, it appears that the defendant had caused himself to be arrested and put in jail after he had been indicted, for the express purpose of having his case tried before the county judge. This court, upon review, upon this showing, held that he was not entitled to plead his trial and acquittal before the county judge as a bar, for the reason that it was not the purpose of the act to permit one, accused of a misdemeanor, to select the forum in which he should be tried, but that, if he was indicted in the circuit court, he should be tried there, unless, after being arrested he was unable to give bail and the steps as provided for in Section 1073 were strictly complied with. In the latter case, the court likewise found that the trial had been conducted practically as was the trial in the case of Carrington v. Commonwealth, and it was held that an acquittal under such circumstances would not be upheld. In both of these cases, the maximum punishment for the offense charged was such that the county judge had jurisdiction, concurrent with the circuit court, to try the case, and if, as an original proposition, the case had been brought before him on a warrant, he might have heard and determined it.

In the case at bar, the punishment, which the statute authorized to be imposed for the offense charged, is a fine of not more than $500.00 and imprisonment not exceeding one year, or both. As stated in the Lowry case *supra*, the purpose of the legislature, in enacting Section 1073 and subsequent sections of the statutes, was for the benefit of the accused, when he was in jail and unable to give bail. It might further be added that, as the expense of keeping such prisoner in jail had to be borne by the counties, the object of the legislature was, in part at least, to relieve, as far as possible, the counties from the burden of having to diet such prisoners from the time of their incarceration until the circuit court convened. But, whatever the legislative purpose may have been, authority is clearly given to a county judge to try those in jail, charged under indictment with a misdemeanor, when they are unable to give bail; and the only question is whether or not that language shall be construed as enlarging the jurisdiction of county judges, so as to give them authority to try all misdemeanors where the accused is in jail under indictment and unable to give bail, or only those charged with such misde-

meanors as, under the general law, the county judge has jurisdiction to try. It must be presumed that, when Section 1073 was enacted, the legislature knew of the existence of the general law conferring upon county judges a limited jurisdiction only, and the act must be so construed as to harmonize it with the act, conferring general jurisdiction upon county judges, to a limited extent, if it is susceptible to such construction. Frequently the jurisdiction of the county judge is concurrent with that of the circuit court. The right is given to either to try those charged with misdemeanors of a certain class, dependent upon the maximum punishment imposed. When once either has acquired jurisdiction, its jurisdiction becomes exclusive; and this was the trouble which the legislature was evidently desiring to remedy, in enacting the sections of the statutes under consideration. When one is indicted for a misdemeanor, arrested on a bench warrant issuing from the circuit court, and being unable to give bail is placed in jail to await trial, the circuit court has jurisdiction; and, in the absence of some statutory provision, the county judge would have no authority whatever to try the case. Thus, of necessity, the accused would be compelled to lie in jail until the circuit court convened. If he had not been indicted, he might have been proceedd against by warrant before the county judge, and the county judge could hear and determine the case, provided the maximum penalty did not exceed a fine of $100.00 and imprisonment for fifty days, or both. We do not construe the language of the act in question, as enlarging the jurisdiction of the county judge, but merely as conferring upon, or rather transferring to, him jurisdiction in a certain class of cases, which had been acquired by the circuit court, and which in the absence of some enabling statute, he is without power or authority to acquire. Such a construction is in perfect harmony with that provision of the statute conferring upon county judges uniform jurisdiction throughout the State. No good rason can be assigned why the jurisdiction should be made dependent, not upon the maximum punishment that might be imposed but upon the question as to whether or not the accused was in jail and unable to give bail. If the county judge was without authority to try the accused before he was arrested and placed in jail on a warrant, he was likewise without jurisdiction to try him after he

was incarcerated; for, as stated, the purpose of the act was not to enlarge the jurisdiction of the county judge, but merely to transfer to him from the circuit court a jurisdiction, which it had previously acquired, but which he might have acquired. We therefore hold, that a county judge is without jurisdiction to try one confined in jail and unable to give bail, under a warrant issued on an indictment charging him with any offense, the punishment for which exceeds a fine of $100.00 and confinement in jail for fifty days, or both, this being the maximum punishment which may be imposed by a county judge under the general law, fixing and establishing the criminal jurisdiction of justices of the peace.

Since it appears from the record, that a jury was waived and the law and facts, by agreement, were submitted to the trial court, appellee cannot again be tried on the offense charged, this opinion is certified as the law of the case.