## Kilbourn, Judge v. Chapman.

(Decided February 24, 1915.)

### Appeal from Lee Circuit Court.

Courts—Act March 19, 1914, Increasing Jurisdiction of Certain Courts—Void Because Destructive of Uniformity—Section 141, Constitution—Prohibition—When Writ of May Be Invoked Against County Judge.—The Act of March 19, 1914 (Acts 1914, page 141), attempting to increase the jurisdiction of county judges, justices of the peace and police judges, and which is made to apply only to counties not having continuous sessions of circuit court, is void, because destructive of the uniformity required by Section 141, Constitution, which declares: "The jurisdiction of the county court shall be uniform throughout the State and shall be regulated by general law * * *." Therefore, where one charged with an offense of which the above act attempted to give the county judge jurisdiction, was arrested therefor and about to be tried before the county judge, a writ of prohibition was properly granted by the circuit court to prevent the county judge from proceeding with the trial.

S. P. STAMPER and SAM HURST for appellant.

T. B. BLAKEY for appellee.

Opinion of the Court by Judge Settle—Affirming.

The appellant, Green Kilbourn, is the judge of the Lee County Court, and the appellee, S. K. Chapman, is a voter in and resident of Lee County. On August 5, 1914, the appellant, as county judge, issued against ap-

pellee a warrant, under Section 1978, Kentucky Statutes, charging him with the offense of suffering gaming on premises under his control, the punishment for which is fixed by the section, *supra,* at a fine of not less than $200.00 nor more than $500.00. Appellee was arrested under the warrant and carried before appellant as county judge for a final trial by jury; whereupon appellee, by a petition filed in the Lee Circuit Court, prayed of that court a writ of prohibition against appellant to prevent him from trying the case. Appellant appeared in the circuit court and filed a demurrer, special and general, to the petition. Both demurrers were overruled and the writ of prohibition granted. From the judgment manifesting these rulings this appeal is prosecuted.

The writ of prohibition was asked and granted upon the ground that appellant was, as county judge, without jurisdiction to finally try appellee under the warrant in question. Jurisdiction to try appellee under the warrant was attempted to be exercised by appellant under and by virtue of an act of the General Assembly entitled, "An Act Fixing the Jurisdiction of County Judges and Justices of the Peace in Criminal Cases," approved March 19, 1914 (Acts 1914, page 141), which provides:

"That county judges and justices of the peace and police judges shall have jurisdiction exclusive of circuit courts in all penal cases, the punishment for which is limited to a fine not exceeding $20.00, and jurisdiction concurrent with the circuit courts of all penal cases the punishment of which is limited to a fine not exceeding $100.00 or imprisonment not exceeding fifty days, or both. And county judges shall have concurrent jurisdiction with circuit courts of all misdemeanors the punishment of which exceeds a fine of $100.00 and imprisonment for fifty days; provided, that the provisions of this act shall not apply to counties having continuous sessions of circuit court. All laws and parts of laws in conflict herewith are hereby repealed."

It is the contention of appellee, and such was the holding of the circuit court, that the act, *supra,* is unconstitutional, because it attempts to confer upon the county judges of counties which are without circuit courts of continuous session concurrent jurisdiction with the circuit courts thereof of all misdemeanors the punishment of which exceeds a fine of $100.00 and imprisonment for fifty days, and withholds such concurrent jurisdiction

from the county judges of such counties as have circuit courts of continuous session, thereby making the act conflict with Section 141, Constitution, which provides:

"The jurisdiction of the county court shall be uniform throughout the State and shall be regulated by general law, and, until changed, shall be the same as now vested in the county courts of this State by law."

Section 139, Constitution, requires the same uniformity with respect to quarterly courts, as it declares:

"There shall be established in each county now existing, or which may be hereafter created in the State, a court to be styled quarterly court, the jurisdiction of which shall be uniform throughout the State, and shall be regulated by general law, and, until changed, shall be the same as that now vested by law in the quarterly courts of this Commonwealth. The judge of the county court shall be the judge of the quarterly courts."

Section 135, Constitution, provides:

"No courts, save those provided for in this Constitution, shall be established."

The Constitution contains similar provisions as to uniformity, applicable to justices' courts and police courts (Sections 142, 143). All the provisions of the Constitution referred to are mandatory, and while the Legislature has authority to confer such jurisdiction upon the courts mentioned as it deems proper, the jurisdiction conferred must be uniform as applied to each class of courts. Stone v. City of Paducah, 120 Ky., 322.

We assume that the word county judge, as used in the act, *supra,* was intended to mean county court, because only as a court could the county judge exercise the jurisdiction and consequent judicial powers it attempts to confer. But it is clear that the provision of the act which declares that the jurisdiction it is intended to confer shall not apply to county judges in counties having continuous session of circuit courts, destroys the uniformity as to jurisdiction required by the provisions of the Constitution referred to. In other words, the same jurisdiction and powers must be possessed by the judge of the county court in each county of the State.

The importance of adhering to this system of uniformity required by the Constitution will be appreciated when we are reminded that the county court, although classed in the judiciary department by the Constitution and possessing judicial powers, is not exclu-

sively a judicial tribunal. Many other matters not judicial are vested by law in this court or the judge thereof. It is often spoken of as a court of limited jurisdiction, because its jurisdiction is confined to matters in respect to which it has been conferred by statute. Pennington v. Woolfolk, 79 Ky., 13; Commonwealth v. Central Consumers Co., 112 Ky., 418.

We concur in the conclusion reached by the circuit court that the act in question is repugnant to Section 141, Constitution, and, for that reason, void. It follows, therefore, that appellant, as county judge, was without jurisdiction to try appellee for the offense charged in the warrant issued against him, and that the granting by the circuit court of the writ of prohibition was not error; wherefore the judgment is affirmed.