## Commonwealth v. Hightower.

(Decided March 10, 1915.)

### Appeal from Todd Circuit Court.

Jurisdiction—Constitutional Law.—Chapter 54, .of the Acts of 1914 (Acts 1914, page 141), enlarging the jurisdiction of county court judges in criminal cases in all counties except those which have continuous sessions of circuit court, by giving them concurrent jurisdiction with circuit courts of all misdemeanors, the punishment of which exceeds a fine of $100.00, and imprisonment for fifty days, is unconstitutional, because it violates Section 141 of the Constitution, which requires uniformity of jurisdiction in all the county courts of the State.

JAMES GARNETT, Attorney General for appellant.

PETRIE & STANDARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

The appellee, A. L. Hightower, was tried before the county court judge of Todd County on September 23rd, 1914, upon a warrant which charged him with the offense of having concealed about or upon his person a deadlv weapon.

Jurisdiction to try the appellee under the warrant was attempted to be exercised under the act of the General Assembly entitled, "An Act fixing the jurisdiction of county judges and justices of the peace in criminal cases." Approved March 19th, 1914. (Acts 1914, p. 141.)

The trial resulted in a conviction and fine of $50 and imprisonment in the county jail for ten days. From that judgment an appeal was prosecuted to the Todd Circuit Court, where an order was made on December 10th, 1914, dismissing the action, on the ground that the judgment and proceedings in the county court were null and void. From that order this appeal is prosecuted, for the purpose of determining the jurisdiction of county court judges in criminal cases, under the act of 1914, *supra.*

The act of 1914 enlarged the jurisdiction of county court judges in criminal cases by giving them concurrent jurisdiction with circuit courts of all misdemeanors the punishment of which exceeds a fine of $100.00 and imprisonment for fifty days.

It is conceded that if the act of 1914 did not enlarge that jurisdiction, the case before us was not within the jurisdiction of the county judge.

In the late case of Kilbourn, Judge, v. Chapman, 163 Ky., 136, decided since this case was tried below, said act was held unconstitutional, because it violated Section 141 of the Constitution requiring uniformity of jurisdiction for all the county courts of the State, in that it excepted from the provisions of the acts counties having a continuous session of their respective circuit courts.

The question presented by this appeal is concluded by the ruling in that case. It necessarily follows that the county court did not have jurisdiction to try the case, and that the judgment of the circuit court was right.

Judgment affirmed.