## Archer v. Lawson, et al.
## Angel v. Same.

(Decided May 24, 1916.)

### Appeals from Whitley Circuit Court.

1. **Courts — Jurisdiction — Crimes and Punishments — Trespass. —** County courts of this Commonwealth are without jurisdiction to try persons charged with trespass, under section 1256 of the Kentucky Statutes, which fixes the punishment for trespass at not less than ten nor more than two thousand dollars. The jurisdiction of county courts in criminal cases is limited to those cases where the punishment does not exceed $100.00 and fifty days' imprisonment.

2. **Statutes—Crimes and Punishments—Jurisdiction of County Courts.** —The Act of 1914 which attempted to give the county courts of this Commonwealth jurisdiction over all misdemeanors where the punishment exceeded a fine of $100.00 and imprisonment for fifty days, is unconstitutional.

3. **Courts—Jurisdiction.**—Where a county court had no jurisdiction, an appeal to the circuit court where the case was tried de novo, did not give the circuit court jurisdiction, although the circuit court would have had jurisdiction to try the case in the first instance.

4. **Judgment—Void Judgment May Be Enjoined.**—A judgment based upon an invalid statute may be enjoined in any court of competent jurisdiction, regardless of the amount involved.

HENRY C. GILLIS for appellants.

J. B. SNYDER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

In these two actions in equity by the appellants, Archer and Angel respectively, against the county attorney and the other county officers for an injunction to prevent the enforcement of judgments for fines, the circuit court sustained demurrers to the petitions and dismissed them. The plaintiffs appeal.

The petitions allege that the judgments for the fines were void because the court which rendered them was without jurisdiction.

The prosecutions were started on January 5th, 1915, by B. A. Peace, a justice of the peace, issuing separate warrants against the appellants Angel and Archer charging them with the offense of having trespassed

upon the property of the Kentucky & Tennessee Coal Co., by entering upon said premises and willfully digging up dirt and throwing it under and against the houses of said Kentucky & Tennessee Coal Co. after they had been ordered to leave the premises. Archer and Angel were arrested under the warrants and the cases were transferred to the Whitley county court, for trial. Upon a trial in the county court each appellant was fined $25.00 and costs; upon appeal to the Whitley circuit court and a trial in that court before a jury, the appellants were each fined $7.50. It is to enjoin the collection of these fines and the enforcement of the judgments therefor, that these actions were instituted.

The proof upon which appellants were convicted was substantially as follows:

Angeline Bennett owned a large tract of land near Gatliff, Ky. In April, 1910, she conveyed a large portion of her land to A. E. Humble, reserving, however, free use and access to all side-tracks built and maintained on the land conveyed, with the privilege of tapping said tracks at any point for the purpose of loading and shipping coal. By subsequent conveyances, the Humble tract became the property of the Kentucky & Tennessee Coal Co., and the remainder of the tract became the property of the Eureka Coal Co.

At the time of the trespass complained of, Angel and Archer were working together for the Eureka Coal Co. in the construction of a culvert as part of a railroad track to tap and connect with the track of the Kentucky & Tennessee Coal Co. on the property conveyed by Angeline Bennett to A. R. Humble, as above shown; and, in building the culvert and track at a point where it tapped the track of the Kentucky & Tennessee Coal Co., they dug up the earth and threw it to one side and upon the property of the latter company. This was the trespass for which they were fined. All the foregoing facts were set forth in the petitions.

The petitions are identical, with the exception of the names of the plaintiffs; the same fines were imposed upon each party in the county court and in the circuit court; and the proof in the two cases was the same.

As we have not been favored with a brief for the appellees, we can only conjecture as to what is their view of the cases.

The appellants insist, however, that there is no law in Kentucky making it a criminal offense to trespass upon unenclosed real estate, unless it be section 1256 of the Kentucky Statutes, which reads as follows:

"If any person unlawfully, but not with felonious intention, take, carry away, deface, destroy or injure any property, real or personal, or other thing of value not his own, or willfully and knowingly, without a felonious intention, break down, destroy, injure or remove any monument erected to designate the boundaries of this State, or any county, city or town thereof, or the boundaries of any tract or lot of land, or any tree, mark, or post or stone planted for that purpose he shall be fined not less than ten or more than two thousand dollars."

And, conceding for the argument that section 1256, *supra,* covers this case, appellants further insist that since the penalty under this statute is a fine of not less than $10.00 nor more than $2,000.00, the county court was without jurisdiction to try the cases originally, and the circuit court was consequently without jurisdiction to try the cases upon appeal.

Passing the first objection urged by appellants, to the effect that there was no such offense as was charged in the warrant, it is plain that the county court did not have jurisdiction to try the appellants under section 1256, *supra,* because county courts have no jurisdiction in criminal cases where the punishment may exceed $100.00 and fifty days' imprisonment. Ky. Sts., secs. 1073, 1074; Cr. Code, sec. 13, sub-secs. 5 and 6; Klyman v. Commonwealth, 97 Ky. 485; Commonwealth v. Carter, 152 Ky. 463.

In Klyman v. Commonwealth, *supra,* a police court imposed a fine in a case in which it had no jurisdiction because the penalty fixed by statute was greater than $100.00 and fifty days' imprisonment. The defendant appealed to the circuit court and was again fined, and the case was then appealed to this court. No question of jurisdiction was raised in the police court, or in the circuit court; but, in concluding that the police court did not have jurisdiction, the Court of Appeals said:

"If it had no jurisdiction the appeal to the circuit court did not give that court jurisdiction, and, therefore, it had no jurisdiction to enter a fine against the accused on such appeal, and should have dismissed the prosecution for want of jurisdiction in the police court.

(Robinson v. Commonwealth, 6 Dana, 287; Bassett v. Oldham, 7 Dana 168; Howard v. Jones, 2 B. M. 526.)''

It has been suggested that the county court assumed jurisdiction in the present cases under the Act of 1914 which attempted to give the county courts of the State jurisdiction over all misdemeanors, where the punishment exceeded a fine of $100.00 and imprisonment for fifty days. Acts 1914, p. 141. That act was, however, held unconstitutional in the case of Kilbourn, Judge v. Chapman, 163 Ky. 136; and that ruling was approved in Commonwealth v. Hightower, 163 Ky. 441. Since the plaintiffs were tried in the Whitley county court on February 11th, 1915, and the opinion in the Kilbourn case was not handed down until February 24th, 1915, it is entirely probable that the county court proceeded under the Act of 1914, above referred to.

It is apparent from the foregoing authorities that the judgments were void for want of jurisdiction in the county court; and, that court being without jurisdiction, the circuit court was likewise without jurisdiction to try the cases upon appeal. And, the judgments of the circuit court being based upon an invalid statute, the proceedings thereunder may be enjoined in any court of competent jurisdiction, regardless of the amount involved. Arnett v. Caldwell, 135 Ky. 15; Boyd v. Board of Council of the City of Frankfort, 117 Ky. 199. Kentucky River Hardwood Co. v. Noble, 168 Ky. 774.

Judgment reversed in each case for further proceedings consistent with this opinion.