## Beauchamp, County Judge, v. Henning et al., Fiscal Court Com'rs.

Dec. 4, 1942.

Lawrence S. Grauman for appellant.

J. Verser Connor for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

By the enactment of Chapter 80 of the Session Acts of 1914, Page 338, the Legislature of this Commonwealth created the office of County Road Engineer. The parts of the chapter creating such office begin with Section 39 of that Act and are contained in Section 4325 et seq., of

Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and Section 179.020 et seq. of the 1942 Kentucky Revised Statutes. That Act, inter alia, provided that the tenure of the office should be for a period of two years, and that the county judge, subject to the approval of the fiscal court, should make such appointment. The Act was made applicable alike to all of the one hundred and twenty counties in the Commonwealth. By Chapter 119 of the Session Acts of the Legislature of 1918, Page 535, Section 4356l-1 et seq., Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and 179.030 et seq., of the 1942 Kentucky Revised Statutes, the 1914 Act was amended by increasing the tenure of office of county road engineers in counties having a city in excess of 200,000, from two years to four years, and it also enacted that the road engineer for such counties should be appointed by the fiscal court with the approval of the county judge.

The appellant and plaintiff below, Mark Beauchamp, as county judge of Jefferson County, filed this declaratory judgment action in the Jefferson Circuit Court against the other three commissioners of the county, as members of the Jefferson County Fiscal Court, and in his petition he averred the foregoing facts, and then attacked the validity of the 1918 amendment as violative of Sections 59, 60 and 141 of our Constitution. The first two dealing with special legislation, and the last one (141) prescribes that: "The jurisdiction of the County Court shall be uniform throughout the State, and shall be regulated by general law, and until changed, shall be the same as now vested in the County Courts of this State by law." The answer of defendants admitted the facts constituting the controversy and joined in the prayer of a declaration of rights of the parties in the premises. The case was then submitted to the court for judgment and that tribunal upheld the validity of the 1918 amendment, thereby rejecting the contentions of appellant to its validity. From that judgment, plaintiff prosecutes this appeal.

It is argued by learned counsel for appellee that the amendment is not violative of Sections 59 and 60 of our Constitution as being special legislation inhibited by those sections, since the Legislature had the right of classification relating to the subject matter, and that legislation pursuant thereto was not inhibited by those sections, since the classification made by the 1918 amend-

ment was and is sustainable upon grounds underlying the right of classification adopted by the Legislature in enacting the attacked amendment. The same counsel also argues that the 1918 amendment is not inhibited by Section 141 of the Constitution, since that section relates only to uniformity of *jurisdiction* of county courts throughout the State, and that the prescribed functions of the county judge with reference to the appointment of county road engineers, created by the 1914 Act, were not the exercise of functions pertaining to county courts within the contemplation of Section 141 of our Constitution. Therefore, the position is taken that the 1918 amendment was not inhibited by the section, and there being permissive classification for its enactment, it was not invalid for any of the reasons assigned in plaintiff's petition.

Since we have concluded that the 1918 amendment was and is prohibited by Section 141 of our Constitution, it becomes unnecessary to pass upon its validity as being in conflict with Sections 59 and 60 of the same Constitution, and the respective contentions of counsel for both sides upon that phase of the case will be passed without determination.

The argument of appellee's counsel in support of their contention that Section 141 of our Constitution relates to only *judicial* functions of the county judge, and not to collateral duties imposed on him by law, is in direct conflict with our opinions in the cases of Fox v. Petty, 244 Ky. 385, 51 S. W. (2d) 260; Beauchamp v. Silk, 275 Ky. 91, 120 S. W. (2d) 765, the determinations in which we also inferentially approved in Neutzel v. Williams, 191 Ky. 351, 230 S. W. 942. In the case of Fox v. Petty, there was involved the validity of an Act of the General Assembly at its 1932 Session, made applicable only in counties containing a city of the first class, and providing for the creation of a Civil Service Board of four members for such counties with prescribed duties and the members to be appointed by the sheriff of the county. Such duties of the prescribed county Civil Service Board related to the appointment of members of the county patrol as well as creation of districts to be served by such appointees. It was contended that the 1932 Act involved in that opinion violated the provisions of Section 141 of our Constitution in that the duty of county patrols, and the division of the county into patrol

districts had therefore been imposed on the county judge as prescribed in Section 3780 of our then Carroll's Kentucky Statutes. Judge Clay, who wrote the opinion for this court, reviewed the history of county courts and their origin, and showed that at the time of the adoption of our present Constitution, county judges, who presided at and held county courts, possessed also jurisdiction of non-judicial duties imposed upon them by the Legislature, as well as presiding officer of county courts, and quarterly courts. Under Section 141 of our Constitution, county courts then exercised under general law all such non-judicial jurisdiction, which that section prescribed should continue "until changed" by the Legislature, and finally concluded that the special Act, there under consideration, being applicable only to counties containing a city of the first class, was invalid because in conflict with Section 141 of our Constitution. In sustaining that comprehensive definition of the word "jurisdiction" in that section, reference was made to the case of Pennington v. Woolfolk, 79 Ky. 13, wherein this court determined that non-judicial functions imposed upon county judges were embraced within their jurisdiction, which was not confined alone to the determination of disputed questions of law or fact coming strictly within the judicial functions of a court.

The final conclusion reached in the Petty opinion was thus expressed [244 Ky. 385, 51 S. W. (2d) 262]: "As the section of the Constitution in question provides that the jurisdiction of county courts shall be uniform throughout the state, and shall be regulated by general law, and until changed shall be the same as now vested in county courts, it cannot be doubted that the jurisdiction conferred by the above section of the statutes, which dealt principally with the legislative and ministerial powers of the county court, was of the kind that should be uniform and should be the same until changed."

That excerpt was followed by an enumeration of many non-judicial functions possessed by county courts, and county judges presiding therein, at the time of the adoption of Section 141, upholding such matters as a part of the jurisdiction of county judges as then existing, and which were to continue until changed. The same views were followed by us in the case of Bristow v. Shrout, 264 Ky. 125, 94 S. W. (2d) 353, and no opinion of this court is cited by counsel, nor have we been able to find

any, in conflict with our opinions in the three cited cases. The same views are also expressed in text authorities, but, since we should be governed by our opinions, it becomes unnecessary to cite any of them.

It is contended, however, by learned counsel for appellee that the writer of this opinion also wrote the Bristow opinion and the opinion in the case of Walker v. Fox, County Judge, 216 Ky. 33, 287 S. W. 228, in each of which reference was made to the attacked 1918 amendment here involved and that this court by making such references inferentially upheld its validity. We have examined the records in each of those cases and nowhere in either of them was the question of the constitutionality of the amendment made, and in neither of them was there any attack thereon. Moreover, the references in those opinions to the amendment was only for the purpose of illustration, and as an aid to the court in interpreting the intent of the Legislature with reference to the situation existing prior to the enactment of the amendment. Other questions, wholly independent of the amendment, were involved in those cases, and even if the references to the amendment in those opinions could remotely be considered as an approval of the validity of the amendment attacked herein, it could not be classified other than dictum. However, it is undoubtedly clear that the references to the amendment made in those opinions did not in the slightest degree uphold its constitutionality.

We are also cited by learned counsel for appellees to the provisions of Sections 1055a-1 et seq. of the current edition of Carroll's Kentucky Statutes (25.490 in KRS), permitting judges of quarterly courts to appoint a clerk for such courts, but prescribing that in counties containing a city of the first class the judge might appoint more than one clerk. It is therefore argued that if the attacked amendment in this case was invalid as in conflict with Section 141 of our Constitution, then the last section of the statutes referred to would likewise be invalid. Other instances of a similar nature, wherein such classified enactments were made, as only locally applicable to such counties, are also cited in counsel's brief. But when examined, it will at once appear that the subject matter of such classified acts do not conflict with our adjudged definition of the word, "jurisdiction," contained in that section. For instance, the section of the Statute last referred to (1055a-1) did not vary, in the least, the

same authority given to judges of quarterly courts throughout the State, but only granted permission for the judge of the quarterly court for Jefferson County to have the right to appoint more than one clerk, because of the multiplied and greatly increased work of such courts in the classified county or counties. The more than one clerk that might be appointed in them by the judge of the quarterly court was not any invasion of power, authority and uniform jurisdiction, inhibited by the section of the Constitution under consideration, since the necessary amount of clerical assistance in such classified counties was the subject matter dealt with in the local act, and not the authority to make the appointment. If that act had prescribed that in such classified counties someone else should appoint a clerk or clerks of the quarterly courts, instead of the county judge, then, clearly, the Statute, if so enacted, would be in conflict with the same section of the Constitution, and, consequently, invalid.

We have not referred or attempted to discuss numerous opinions cited by counsel for the respective parties to the litigation, since none of them are directly in point (but only inferentially so), and none of them are in conflict with our opinions rendered in the Fox and Beauchamp cases, supra.

Wherefore, for the reasons stated, the judgment is reversed for proceedings consistent with this opinion.