## Meredith, Atty. Gen., v. Kauffman.

Feb. 26, 1943.

Hubert Meredith, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellant.

Smith & Leary and Amos H. Eblen for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

Chapter 62 of the Acts of the General Assembly of 1942, now KRS 69.275, created the office of Assistant County Attorney. The act was enrolled and signed by the

presiding officers of the House and Senate on February 27, 1942 and became effective upon its approval by the Governor on March 2, 1942.

The appellee, H. Clay Kauffman, was elected to the House of Representatives at a special election held on February 28, 1942 to fill the unexpired term of Hon. Joe Robinson, who died during the legislative session, and was sworn in as a member of the House on March 2, 1942 but after the Governor had approved the act earlier on that day.

In March, 1942 appellee was appointed Assistant County Attorney pursuant to the above-mentioned act. The Commissioner of Finance, being doubtful of appellee's eligibility to his office, declined to approve payment of fees earned by him. Appellee thereupon instituted this action seeking a declaration of rights and injunctive relief compelling the Commissioner of Finance to issue a warrant for the amount due for his services. The trial court declared appellee eligible to the office and granted the injunctive relief. The appeal questions the correctness of that judgment.

The question of appellee's eligibility to the office arises under section 44 of the Constitution of Kentucky which reads as follows:

"No Senator or Representative shall, during the term for which he was elected, nor for one year thereafter, be appointed or elected to any civil office of profit in this Commonwealth, which shall have been created, or the emoluments of which shall have been increased, during the said term, except to such offices as may be filled by the election of the people."

Somewhat similar provisions were embodied in the first, second and third Constitutions of the State and the present provision, as well as the similar previous ones, were patterned after Article 1, section 6, clause 2 of the Constitution of the United States which provides that "No Senator or Representative shall, during the time for which he was elected, be appointed to any civil office under the authority of the United States, which shall have been created, or the emoluments whereof shall have been encreased during such time; and no person holding any office under the United States, shall be a member of either house during his continuance in of-

fice.'' The obvious purpose of the provision in the Federal Constitution was stated by Mr. Justice Story in section 864 of his Treatise on the Constitution in the following language:

"The reason for excluding persons from offices who have been concerned in creating them or increasing their emoluments is to take away, as far as possible, any improper bias in the vote of the Representative and to secure to the constituents some solemn pledge of his disinterestedness."

Just as obviously, the same purpose was behind the adoption of section 44 of the Constitution of this State. Considering the provision in the light of the purpose it was intended to accomplish, it is apparent that it does not render appellee ineligible to the office to which he was appointed. The Act creating the office was passed, enrolled and signed before he was elected to the General Assembly. True, it did not become effective as a law until after his election but the word ''created'' in the constitutional provision should be construed to have reference in point of time only to the termination of legislative action necessary to creation and not to a future date on which the legislative action becomes effective through operation of law.

Just as obviously the phrase, ''during the term for which he was elected,'' was intended by the framers of the Constitution to refer to the time during which a member of the General Assembly was in office. The similar provisions in the first two Constitutions dealt with creation of an office during the time a member of the General Assembly was in office rather than during the term for which he was elected. The purpose of the provision in the present Constitution is undoubtedly the same as that of the former provision and it should be construed accordingly.

The fundamental purpose in construing a constitutional provision is to ascertain the intention of the framers and the people in adopting it. People's Transit Co. v. Louisville R. Co., 220 Ky. 728, 295 S. W. 1055. Words are but imperfect vehicles designed to convey thought and in gathering the thought intended to be conveyed the purpose behind the words should be kept in mind. The Constitution is concerned with substance and not with form and its framers did not intend to forbid a common-

sense application of its provisions. Under a common-sense application of the provision in question appellee is not ineligible to hold the office since he neither voted nor had the opportunity to vote on the act creating the office and was not a member of the General Assembly until its function in the creation of the office had been fully performed.

Affirmed.