## Metcalf et al. v. Howard, Judge, et al.

March 7, 1947.

Rehearing denied May 9, 1947.

J. J. Tye, Special Judge.

500

Lewis & Asher for appellants.

Smith & Leary and Astor Hogg for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Pursuant to authority granted by KRS 70.540, the
County Court of Harlan County established a police

force and appointed Metcalf as Captain, Baumgardner and Cox as members, and they qualified. The County Judge requested the Fiscal Court to fix their salaries. A majority of the court voted to set aside and appropriate $4,000 for their compensation, "subject to the securing of an opinion of the Attorney General as to the legality of said appropriation." Several days later, after receipt of the Attorney General's opinion that it was legal and mandatory that the court fix the compensation of these officers and make an appropriation therefor, a motion was made that the court comply with the provisions of KRS 70.560 (providing that a fiscal court shall fix the salaries of the members of a police force established under KRS 70.540), and that $2400 be appropriated as the annual salary of Metcalf, and $600 as the salary of each of the other two members. A majority voted against the motion.

This is an action by those patrolmen for a mandamus against the fiscal court and its several members requiring them to fix reasonable salaries for the plaintiffs and to make an appropriation for their payment. It is charged that in rejecting the motion described, the fiscal court had refused and failed to perform its statutory duty and violated the plaintiffs' legal rights. The several orders of the county court are filed with the petition, but those of the fiscal court are not. We have, therefore, only the allegations of the petition as to what the defendants did.

An amended petition charged that after the service of process upon the several defendants, they had wrongfully, and for the purpose of thwarting the plaintiffs in their lawful rights and circumventing the power of the circuit court to grant the plaintiffs the relief sought, diverted and transferred certain sums from the county's general emergency fund and an unbudgeted and unappropriated account to the road and bridge fund. The plaintiffs prayed for orders requiring restitution to the proper budget account and restraining further action that would violate plaintiffs' rights. A sufficient order to protect the plaintiffs in this particular was entered.

A demurrer to the petition was sustained upon the ground that the Act of 1942, now KRS 70.540 et seq., authorizing the establishment of county police forces

is unconstitutional; accordingly, it was adjudged that the several orders of the Harlan County Court were void and that the fiscal court is without authority to appropriate or expend any funds for the payment of salaries claimed by the plaintiffs. The judgment went further and adjudged that the plaintiffs have no right or authority to act or purport to act as peace officers. The petition was dismissed. However, the temporary injunction preventing the diversion of funds with which the salaries might be paid was continued in effect (plaintiffs posting suitable bond) until there could be a final determination of the case by this court.

The question is raised as to the plaintiffs' right to maintain the action because their remedy was by an appeal from the orders of the fiscal court. The question is one of jurisdiction. Wolfe County v. Tolson, 283 Ky. 11, 140 S. W. 2d 671.

Anyone personally or officially aggrieved by an action or order of a fiscal court must appeal to the circuit court within 60 days. KRS 23.030; Civil Code of Practice, sec. 729. We have held that appeal is the only remedy where an officer is dissatisfied with the amount of salary or other compensation fixed by a fiscal court, for it has performed a statutory duty even though it may have done so improperly, e. g., abused a discretionary power. Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S. W. 2d 407; Stewart v. Kidd, 262 Ky. 90, 89 S. W. 2d 861; Wolfe County v. Tolson, 283 Ky. 11, 140 S. W. 2d 671; Turner v. Bowman, 294 Ky. 507, 172 S. W. 2d 209; Perkins v. Cumberland County, 294 Ky. 737, 172 S. W. 2d 651. There is a material difference where the court has refused to perform a duty imposed by statute. Mandamus is the proper remedy where a right to have it performed exists, though how or what it may do in the exercise of its discretion cannot be so controlled. In this case, when the County Judge, who is a member of the fiscal court, requested that salaries be fixed, the only thing it did was to make an appropriation of a lump sum. That was favorable to the patrolmen and they could not appeal from it. Graves County v. Graves Fiscal Court, 303 Ky. 707, 199 S. W. 2d 137. Afterward the court again rejected a motion to fix the amount of the officer's compensation and continued to refuse. There was a duty to do so imposed by the stat-

ute. We have the distinction clearly drawn in two cases from Oldham County. The county court had appointed Akins as a county patrolman and the fiscal court refused to fix his salary. We held that mandamus was the proper remedy to compel the court to fix the salary as it was its duty to do so. Peak v. Akins, 237 Ky. 711, 36 S. W. 2d 351. After that decision, the fiscal court fixed Akins' salary at $50. a month. He was not satisfied with the amount and brought another suit to have the members of the fiscal court held in contempt of the circuit court on the ground that they had not fixed reasonable compensation, and also sought a mandamus requiring them to fix the salary at a reasonable sum. We held the suit improper because the fiscal court had acted and exercised a discretion, hence the plaintiff's remedy in this instance was by an appeal to have the action reviewed. The distinction is recognized and enforced also in Bath County v. United Disinfectant Co., 248 Ky. 111, 58 S. W. 2d 239; Leslie County v. Hensley, 276 Ky. 679, 125 S. W. 2d 255; Mueninghoff v. Bartholomew, 269 Ky. 36, 106 S. W. 2d 97, in which cases the remedy of mandamus was held proper because a fiscal court had refused to act at all. We are of the opinion, therefore, that the plaintiffs pursued the right course in seeking a mandamus.

The statute establishing and relating to a county patrol or police force has been the subject of many revisions and amendments throughout the years. The General Assembly in 1942, Ch. 115, repealed and reenacted Ch. 95 of the Kentucky Statutes, Sec. 3786-1 et seq., Ch. 13, Acts of 1936, 4th Extra Session, and Ch. 191, Acts of 1940, and returned to a system of patrol, separate and apart from the office of sheriff. Sec. 3780, Ky. Stats., 1936 edition, which was originally Ch. 83, sec. 1, of the General Statutes. See Milliken v. Harrod, 275 Ky. 597, 122 S. W. 2d 148. The new Act (1942), as did the old, authorizes county courts in all the counties to "establish, appoint and maintain a county police force," the appointments to be for terms of four years, and makes it the duty of the respective fiscal courts to fix the salaries of the officers so appointed within certain maximum limits. The limits were graduated according to population. Ch. 115, Acts of 1942. The General Assembly of 1946 raised the maximum salaries. Chapters

18, 142, Acts of 1946. The present law is KRS 70.540 et seq. The maximum salaries in a county containing a population of 200,000 or more are $4,000 for the chief, and $3,600 for the assistant chief. KRS 70.561. The maximum salaries in counties having a population of 70,000 or more are $3,600 for the chief of police, $3,000 for an assistant chief, $2,700 for a captain, and $2,400 for patrolmen. The maximum salary in counties containing a population less than 70,000 and more than $25,000 is $1,800, and in all other counties $25 per annum for any such officer. KRS 70.560.

It is this graduation in compensation upon which the challenge of the constitutionality of the statute is based, particularly the fact that in counties having less than 25,000 population the maximum is only $25 per annum, while in counties having more than 70,000, the maximum ranges from $2,400 up. Specifically, the argument is that the Act is special and discriminatory legislation and violates Sections 59, 60, and 141 of the Constitution.

Harlan County has a population in excess of 70,000. The appellants question the right of the fiscal court to challenge the statute because Harlan County is not prejudiced if that part of the Act be deemed discriminatory because of the negligible sums provided for counties having less population. They invoke the familiar rule that constitutional questions are not dealt with abstractly so that no person whose right is not affected can raise the question of constitutional validity. Dorman v. Dell, 245 Ky. 34, 52 S. W. 2d 892; Stein v. Kentucky State Tax Commission, 266 Ky. 469, 99 S. W. 2d 443. We think the appellees have the right to raise the question because they are public officers, charged with the responsibility and duty of conserving public funds and spending none without authority of law. If the Act should be held invalid at the instance of some of the counties within the $25 category, it would be invalid as to Harlan County, for we think the act is indivisible, believing that the legislature would not have enacted the statute without this part. KRS 446.090. If it should be held unconstitutional on the challenge of some of the counties within the $25 category, it would then be developed that the fiscal court of Harlan County had paid out money under a void statute. If the defendants in good

faith believed the act unconstitutional they were justified in refusing to fix the salaries of the officers and appropriating funds for their support. Norman v. Kentucky Board of Managers, 93 Ky. 537, 20 S. W. 901, 18 L. R. A. 556; Rhea v. Newman, 153 Ky. 604, 156 S. W. 154, 44 L. R. A., N. S., 989; Dorman v. Dell, 245 Ky. 34, 52 S. W. 2d 892; Cf. Felts v. Linton, 217 Ky. 305, 289 S. W. 312.

The statute does not prima facie violate 141 of the Constitution, which declares that "the jurisdiction of the County Court shall be uniform throughout the State, and shall be regulated by general law." The statute authorizes every county court in the state to establish a county patrol, make rules and regulations, and appoint members of the force. There is no exception, distinction or limitation. KRS 70.540. This fact distinguishes the statute from those held invalid in Kilbourn v. Chapman, 163 Ky. 136, 173 S. W. 322; Fox v. Petty, 244 Ky. 385, 51 S. W. 2d 260; Beauchamp v. Silk, 275 Ky. 91, 120 S. W. 2d 765; Beauchamp v. Henning, 292 Ky. 557, 166 S. W. 2d 427. Uniformity of jurisdiction or action of the fiscal courts is not required, and it is that body which is charged with the duty of fixing the salaries of these officers.

It is argued that the statute offends the concluding part of Sec. 59 of the Constitution, which comprehensively declares that in all cases other than those enumerated no special law shall be enacted where a general law may be applicable; also that it offends the provision of Sec. 60 which prohibits the General Assembly from indirectly enacting special or local legislation by exempting any county from the operation of a general act. Cities are classified according to population for purposes of organization and government. Sec. 156. But the framers of the Constitution did not deem it well to classify or permit the classification of counties, although obviously the same basis of density of population exists. The failure to recognize this status has proved to be an obstacle to much reasonable and salutary legislation. What is suitable for Jefferson County, with 400,000 inhabitants, principally urban, is not suitable for Robertson County, with a population of 3,500, which is wholly rural. Notwithstanding this omission from the Constitution and the apparent requirement of uniformity, this court has held, under a broad interpretation, that certain class

legislation for counties based upon population is valid where the classification can be deemed reasonable or rational under the particular circumstances to which the law applies. James v. Barry, 138 Ky. 656, 128 S. W. 1070, is a well considered opinion on the subject and one which has been consistently followed.

The Constitution provides in Sec. 106: "The fees of county officers shall be regulated by law." The same section then recognizes a difference in fees for salaries based upon population, for it provides that in counties or cities having a population of 75,000 or more, certain officers shall be paid out of the State Treasury not to exceed 75% of the fees collected and paid into the treasury by them. Section 138 recognizes density of population of a county in the creation of circuit court districts. Compensation of county officers is ordinarily left to the respective fiscal courts and uniformity is not required, either in the statutes controlling the fiscal courts or in their own action under general law. There are a number of statutes, always recognized as valid, establishing maximum limits of salaries.

The appellees submit that this statute cannot be brought within the rule of reasonable classification because crime is present in sparsely settled counties as well as in those more populous; that the former may need a county patrol just as much as the latter although they may need a larger force to cope with a larger population. In the smaller counties the sheriff and his force have proved sufficient except on extraordinary occasions. The county patrol is to supplement that police force and aid in the suppression of crime. After all, the statute relates to local county government, and each county is a constituent part of the state itself, and in the matter of compensation of its officers the will of the legislature is supreme. The mere fact that the practical effect of the Act of 1942 is local does not bring it within the constitutional prohibition of special or class legislation. Shaw v. Fox, 246 Ky. 342, 55 S. W. 2d 11, in which the distinction between general, special class and local legislation is discussed at length. See also Jefferson County Fiscal Court v. Trager, 302 Ky. 361, 194 S. W. 2d 851. We are of opinion, therefore, that the act prima facie is to be deemed reasonable and logical.

We come to the core of the appellee's argument. Underlying the contentions of unconstitutionality which we have discussed, is the thesis that by providing the negligible sum of $25 per annum as compensation of county patrolmen in the less populous counties, the legislature has, in substance and effect, *not* authorized the establishment of the patrol system in those counties. We have 93 counties within the $25 class, the populations (1940 census) ranging from 24,917 (Greenup) down to 3,419 (Robertson). It is submitted that by this provision the legislature has attempted to evade the mandates of the Constitution by sacrificing their substance and intent while recognizing the form and the letter. See Stanley v. Townsend, 170 Ky. 833, 186 S. W. 941; Barker v. Stearns Coal & Lumber Co., 287 Ky. 340, 152 S. W. 2d 953; Meredith v. Kauffman, 293 Ky. 395, 169 S. W. 2d 37. The argument is in effect that the salaries have been placed so low that no one can be found to accept the office, so that the provision must be deemed so unreasonable as to nullify the whole act. It is to be borne in mind that this is not a case where a fiscal court or other municipal body to whom the Legislature has delegated the power of fixing compensation has undertaken to circumvent the will of the Legislature by fixing it so low that it practically abolishes the office. See Breathitt County v. Turner, 223 Ky. 727, 4 S. W. 2d 695. We are dealing with a discretionary action of the Legislature itself in creating an office outside the constitutional structure. We ought not to ascribe the bad faith implicit in appellees' argument to our coordinate branch of the government, which is supreme in this sphere.

The existence of an office is not determined by the compensation. Salary is not indispensable and the amount is not determinative. This office does not stand alone as one where the remuneration is small. The aggregate fees of the constitutional offices of constable and coroner are negligible in most counties. The compensation of mayors and councilmen in most of the cities and towns is meager and not commensurate with the offices and responsibilities. Thus, in cities of the fifth class, prior to 1946 amendment, the statute fixed the salary of the mayor at $75 a year, and the councilmen at $2 per meeting attended. KRS 87.200, 1944 edition. There is

no provision for compensating members of the board of trustees of a sixth class town. The general registration and purgation act of 1938, Chap. 111, expressly provided that no member of the county board should receive any compensation except in counties containing a city of the first class, who should receive $1200 per annum. Pointing out the difference in the character and extent of the duties of the members in such a county, we held the classification to be reasonable; hence that the act and provision are constitutional. We held otherwise as to precinct purgation officers because election precincts throughout the state have substantially the same population. Burton v. Mayer, 274 Ky. 245, 118 S. W. 2d 161.

Some men are willing to serve in public office as a contribution to government or for the honor or distinction where the monetary consideration is absent or negligible. Other men serve for power and prestige. We have at least ten boards and commissions appointed by the Governor who receive no compensation for their services, and a number of others who receive a small per diem.

Probably what was in the legislative mind in enacting this statute was that in the less populous counties the police would be needed for exceptional occasions or in emergencies to supplement the sheriff's force. There is nothing in the statute requiring a county patrolman to devote his full time to the duties of the office, and if the rules and regulations do not otherwise provide it need not interfere to any material extent with his private business or calling. Even so, if no one will take the job, it will still exist.

We are of opinion that the statute is constitutional and that the circuit court was in error in holding otherwise.

Judgment reversed.

Judge Latimer and Judge Cammack think the salary classification is arbitrary and unreasonable, and further that the act is not severable; therefore, they dissent from the majority opinion.