### REEVES v. GERARD.

Court of Appeals of Kentucky,
Jan. 16, 1953.

Rehearing Denied March 13, 1953.

J. D. Buckman, Jr., Atty. Gen., Hal Williams, Asst. Atty. Gen. and William S. Riley, Asst. Atty. Gen., for appellant.

Van Sant & Young, Frankfort, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment granting a writ of mandamus requiring the Commissioner of Revenue to cause to be fabricated and delivered to appellee an official automobile license plate of the Commonwealth of Kentucky bearing appellee's private radio call number in lieu of the regular official license plate. The Commissioner's defense was that he had been advised by the Attorney General that House Bill No. 60 of the 1952 Session of the General Assembly is violative of Section 3 and Section 59, Subsection 29, of the Kentucky Constitution. This act provides for the issuance of such a license plate to owners of motor vehicles who are residents of this state and who hold official amateur radio station licenses issued by the Federal Communications Commission upon payment of certain fees to the county court clerk.

A demurrer to appellant's defense of unconstitutionality was sustained. Appellee contends that the Commissioner of Revenue has no standing or right to call into question the constitutionality of the statute since the duties it imposes upon him are merely ministerial and not discretionary, and do not differ materially from the duties imposed upon him by the remainder of the Motor Vehicle License Statutes. KRS, Chapter 186.

In Rhea v. Newman, 153 Ky. 604, 156 S. W. 154, 44 L.R.A.,N.S., 989, this Court held that an officer acting ministerially, who is directly responsible for his official acts, may in a mandamus proceeding, justify his refusal to act upon the ground that the law requiring the act is unconstitutional. And in Metcalf v. Howard, 304 Ky. 498, 201 S.W.2d 197, 200, we upheld the right of a fiscal court to raise the question of constitutionality of a statute fixing salaries of county police officers, saying:

"* * * We think the appellees have the right to raise the question because they are public officers, charged with the responsibility and duty of conserving public funds and spending none without authority of law. * *"

While the duties imposed upon the Commissioner by House Bill No. 60 are similar to those imposed by KRS 186.240, they add to and further complicate his duties and thus involve additional expenditures of state funds. Thus the Commissioner is entitled to resist the imposition of these duties by a statute which he believes to be unconstitutional and void. Metcalf v. Howard, 304 Ky. 498, 201 S.W.2d 197. A contrary rule would unnecessarily delay the settlement of constitutional questions and require additional litigation. State ex rel. Atlantic Coast Line R. Co. v. State

Board of Equalizers, 84 Fla. 592, 94 So. 681, 30 A.L.R. 362. See Annotation, p. 378.

Jurisdictions which generally deny the right of a ministerial officer to raise the defense of unconstitutionality in a mandamus proceeding, permit such a defense if, as in this case, the officer has been previously advised by the proper law officers of the state that the statute imposing the duty upon him is unconstitutional. See Wiles v. Williams, 232 Mo. 56, 133 S.W. 1, 34 L.R.A.,N.S., 1060; Com. v. Mathues, 210 Pa. 372, 59 A. 961.

The Constitution of Kentucky, Section 3, provides that:

"* * * no grant of exclusive, separate public emóluments or privileges shall be made to any man or set of men, except in consideration of public services; * * *."

If the purpose of the act in question is to confer upon the automobile owners of this state, who also happen to be licensed amateur radio operators, the privilege of obtaining a special automobile license plate without reference to any public services performed by the individuals entitled to the privilege, the act is clearly in conflict with Section 3 of the Constitution of Kentucky and is therefore void. While it is perhaps true that amateur radio operators have in times of war, flood, and other emergencies performed valuable public services, the same thing may also be said of doctors, telephone and telegraph operators, ambulance drivers, etc.; but the act does not require that such services shall have been actually performed. The privilege is conferred upon all who hold the licenses, regardless of whether or not any public service has been rendered. The act does not require that the licensee's automobile be equipped with a radio or even that the licensee own a radio. To satisfy Section 3 of our Constitution, the grant of privilege must be in consideration of public services actually performed. Talbott v. Thomas, 286 Ky. 786, 151 S.W.2d 1.

If the act is to be upheld as a valid police regulation, which is the general purpose of KRS, Chapter 186, the assignment of amateur radio operators to a class apart from the remainder of the automobile owners of Kentucky must bear a reasonable relation to the purposes of the act. Kentucky Tax Commission v. Lincoln Bank & Trust Co., Ky., 245 S.W.2d 950. It is readily apparent that certain amateur radio operators as a special group with special license plates will in no way assist law enforcement authorities in the identification of automobiles, hence the action cannot stand as a valid exercise of the police power. The statute must also fail as a police regulation since members of the class are permitted but not required to use the special license plates.

Since we find House Bill No. 60 of the 1952 Session of the General Assembly is in contravention of Section 3 of the Constitution of Kentucky, we need not consider whether or not it also violates Section 59, Subsection 29.

Judgment reversed.