**Luvenia JOHNSON, Individually, etc., et al., Appellants,**

**v.**

**Bart N. PEAK et al., etc., Appellees.**

Court of Appeals of Kentucky.

June 24, 1966.

Rehearing Denied Nov. 23, 1966.

Weldon Shouse, Lexington, for appellants.

Robert Matthews, Atty. Gen., Frankfort, Armand Angelucci, County Atty., for Fayette County, Robert F. Stephens, Asst. County Atty., Lexington, for appellees.

DAVIS, Commissioner.

Appellant, a resident taxpayer of Lexington, suing for herself and others similarly situated, attacks the validity of KRS

67.320 (county fire-department statute) as violative of Sections 141, 59, 60 and 171 of the Kentucky Constitution. The trial court entered judgment sustaining the statute's validity, and this appeal challenges the propriety of that judgment.

KRS 67.320 provides, so far as here pertinent:

"(1) The fiscal court of any county within this Commonwealth may maintain a fire department for the purpose of protecting the property of the county and citizens thereof who reside outside any municipality wherein a fire department is being maintained."

■ The claim that the quoted statute violates Section 141 of our constitution is premised on the erroneous argument that the jurisdiction of the "county" court is involved. Patently the statute deals only with the "fiscal" court; Section 141 of Kentucky's constitution has no application at all to this situation. Metcalf v. Howard, 304 Ky. 498, 201 S.W.2d 197, 201.

■ Equally without merit are the claims that the statute runs afoul of Sections 59 and 60 of the Kentucky Constitution. The basis for the assertion that the statute is proscribed by the cited constitutional sections is appellant's misconception that the statute is "special legislation." This argument for appellant assumes that KRS 67.320 limits the counties which may provide a fire department to those having a municipality which maintains a fire department. But that is not the proper construction of the statute. Plainly the statute is a general one authorizing any county in this state to have a fire department. It sensibly directs that duplication of services shall be avoided in those instances in which a municipally maintained fire department exists.

■ Finally, the appellant urges that inasmuch as she and others similarly situated are resident taxpayers of Lexington, a substantial portion of the county taxes paid by them finds its way into the coffers of the county fire department which renders them no service. This, appellant says, violates Section 171 of the Kentucky Constitution, because taxes must be levied and collected for public purposes only. The argument is untenable. In the first place, the statute provides that the county fire protection shall be " * * * for the purpose of protecting the property of the county * * *." Such property would include the court house and jail, within the corporate limits of Lexington. Moreover, the citizens of Lexington have a vital interest in the suppression of fires originating in the heavily built-up suburban areas abutting hard on the city's borders. These are "public purposes" within the meaning of Section 171.

The judgment is affirmed.