Lawrence MAYNARD, Appellant,

v.

COMMONWEALTH of Kentucky ex rel. Ed W. HANCOCK, Attorney General and Ed W. Hancock, Attorney General, Appellees.

William B. PAXTON, Secretary, Department of Transportation, et al., Appellants,

v.

COMMONWEALTH of Kentucky ex rel. Ed W. HANCOCK, Attorney General and Ed W. Hancock, Attorney General, Appellees.

William B. PAXTON, Secretary, Department of Transportation and Department of Transportation, Appellants,

v.

COMMONWEALTH of Kentucky ex rel. Ed W. HANCOCK, Attorney General and Ed W. Hancock, Attorney General, Appellees.

Supreme Court of Kentucky.

May 28, 1976.

See also, Ky., 516 S.W.2d 865.

Thomas L. Hogan, Frankfort, for Lawrence Maynard.

Joseph J. Leary, Frankfort, for Ted Huddle.

William L. Willis, Gen. Counsel, Asst. Atty. Gen., Dept. of Transp., Gary L. Dailey, Dept. of Transp., Frankfort, for William B. Paxton.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Deputy Atty. Gen., William W. Pollard, Asst. Atty. Gen., Frankfort, for appellees.

PER CURIAM.

These actions test the constitutionality of KRS 186.177 and KRS 186.178. KRS 186.177 provides that amateur radio operators, upon the payment of an additional license fee of $10, may be issued a license plate upon which shall be inscribed, in lieu of the usual numbers, the amateur radio-call letters of the station assigned by the Federal Communications Commission, and the year for which the plate was issued. KRS 186.178 provides that members of the Kentucky General Assembly, upon the payment of an additional license fee of $10, may be issued a license plate with an inscription containing, in lieu of the usual registration numbers, letters indicating whether the member

was a senator or a representative, followed by the number of the member's senatorial or legislative district, and in place of the county name, the word "Legislature," and the licensing period for which the plate was issued.

At issue is whether the statutes violate section 3 of the Constitution of Kentucky, which provides in part:

"All men, when they form a social compact, are equal; *and no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services*; * * *." (Emphasis added)

The court is of the opinion that the statutes do not, in fact, grant to amateur radio operators or members of the general assembly emoluments or privileges. Certainly there is no pecuniary gain bestowed on the licensee, nor is the state any the poorer. It is unimaginable that the license plate could enhance the economic prestige of the licensee. The licensee pays not only the usual registration fee but also $10 which presumably covers any additional expense to the state. The court is also of the opinion that the license plate is merely a badge of identity rather than evidence of a privilege in the constitutional sense. In one instance the plate identifies the owner as an amateur radio operator and in the other as a member of the general assembly. The plates are not tickets to special favors.

The court is immediately confronted with *Reeves v. Gerard*, Ky., 255 S.W.2d 21 (1953), which presents a holding with regard to amateur radio operators contrary to the present view of this court. On further reflection the court is of the opinion that the rule announced in *Reeves* is not consistent with a reasonable interpretation of section 3 of the State Constitution and the case is now expressly overruled.

The judgment is reversed with directions to enter a judgment upholding the validity of KRS 186.177 and KRS 186.178.

All concur.